## UNITED STATES v. LAMBERT.

### No. 7761.

Circuit Court of Appeals, Third Circuit.

Argued Oct. 6, 1941.

Decided Nov. 10, 1941.

Rehearing Denied Dec. 17, 1941.

Don Mahone Harlan, of Detroit, Mich., for appellant.

George Mashank, of Pittsburgh, Pa. (Charles F. Uhl, U. S. Atty., of Pittsburgh, Pa., on the brief), for appellee.

Before MARIS, JONES, and GOODRICH, Circuit Judges.

GOODRICH, Circuit Judge.

The defendant was convicted in the District Court for failure to register in compliance with the Selective Training and Service Act of 1940.[1] He appeals to this court and attacks the constitutionality of the requirements of the statute.

The matter of policy in deciding what sacrifices the individual shall make for the protection of all, either in taxes or personal service, is for the legislative branch of the government, not the courts. The judicial function is confined to the question whether the legislative action is in accordance with the Constitution.

The constitutionality of legislation providing for compulsory military service in the United States was settled by the unanimous decision of the Supreme Court in the Selective Draft Law Cases, 1918, 245 U.S. 366, 38 S.Ct. 159, 62 L.Ed. 349, L.R.A.1918C, 361, Ann.Cas.1918B, 856. The opinion by Mr. Chief Justice White covers the whole ground thoroughly and decisively. Subsequent discussions of the congressional power in later decisions but strengthen the foundation of the decision in the Selective Draft cases. United States v. Schwimmer, 1929, 279 U.S. 644, 49 S.Ct. 448, 73 L.Ed. 889; United States v. Macintosh, 1931, 283 U.S. 605, 51 S.Ct. 570, 75 L.Ed. 1302. Further elaboration of the general proposition by an inferior tribunal would be gratuitous. It may be taken as settled that the power of Congress to raise and support armies conferred in Article I, Section 8 of the Constitution may be implemented by legislation providing for compulsory service.

The one point not settled by the Supreme Court decision under the Statute of 1917, 50 U.S.C.A. § 226 note, has to do with the time element in the application of the statute. The 1917 act was passed while the

---

[1] 50 U.S.C.A.Appendix § 301 et seq.

396

United States was at war. Conceding, as he must, the authority of the decision, appellant urges that the constitutional problem here is different because at the time of the passage of the 1940 statute the Congress had not exercised its constitutional power under Article I, Section 8 to declare war. He urges that the decision of the court must be limited to the facts involved in the 1917 statute and the cases arising under it. While he does not argue the broad proposition that the power of Congress to raise an army is limited to action following a formal declaration of war, he does urge that its power to compel a citizen to register, and if drawn, to engage in military service is so limited.

 No hint of such a limitation in the powers of Congress is found in the language of the Supreme Court in the decisions cited above. Nor does one find basis for such argument either expressly in the language of the Constitution or by reasonable construction of Article I, Section 8 which contains the grant of powers to the Congress. Power to define and punish piracies, to declare war, to raise and support armies, to provide a navy and other powers with reference to national defense are enumerated in separate clauses. There is no limitation of one by another either in arrangement or by any reasonable kind of construction of the language used by the framers of the Constitution. If the limitation is to be found it must come from outside the document itself. Such limitations are not unknown and may be found with respect to the application of other clauses in the Constitution.[2]

But the most superficial consideration of the situations to which the exercise of power to raise armies may be applied indicates the necessity for its unfettered exercise. Alexander Hamilton writing in The Federalist[3] remarks that "the ceremony of a formal declaration of war has of late fallen into disuse" and points out that if the presence of any enemy within our territories must be awaited before the legal warrant for self-protective measures was received "we must receive the blow before we could even prepare to return it". There is certainly no less disuse of the formal declaration of war now than there was in the days when Hamilton wrote. Instances where a nation at peace has found an invader within its gates without warning are fresh in the minds of all. The power granted to Congress by the Constitution to "provide for the common Defence" and "to raise and support Armies" is not to be interpreted in a way which will make the power ineffective against an enemy, actual or potential. We are not precluded from preparing for battle, if battle must come, until such time as our preparation would be too late.

The constitutionality of the Selective Training and Service Act of 1940 has already been litigated in several instances. It was upheld in a per curiam opinion in the Second Circuit in United States v. Herling, 1941, 120 F.2d 236. The constitutional question has also been raised and settled in the affirmative by decision in several District Courts. United States v. Cornell, D.C.Idaho 1940, 36 F.Supp. 81; Stone v. Christensen, D.C.Or.1940, 36 F.Supp. 739; United States v. Rappeport, D.C.S.D.N.Y.1941, 36 F.Supp. 915; United States v. Garst, D.C.E.D.Pa.1941, 39 F.Supp. 367. We agree with the conclusions there reached.

The judgment of the District Court is affirmed.

---

[2] See for example, cases dealing with the full faith and credit clause and clause with regard to impairment of obligations of a contract, Article IV, Section 1 and Article I, Section 10 respectively.

[3] No. XXIV cited and quoted by Judge Kalodner in United States v. Garst, D.C.E.D.Pa.1941, 39 F.Supp. 367.