**UNITED STATES v. NORTON.**

No. 83, Docket 21450.

United States Court of Appeals Second Circuit.

Argued Jan. 3, 1950.

Decided Jan. 19, 1950.

H. A. Freeman, Ithaca, N.Y., Caesar L. Pitassy, New York City, for appellant.

Irving J. Higbee, U.S.Atty., Syracuse, N.Y., McChesney & Kenney, Troy, N.Y., Robert J. Leamy, Asst. U.S. Atty., Oneonta, N.Y., for appellee.

Before L. HAND, Chief Judge, and SWAN and CLARK, Circuit Judges.

SWAN, Circuit Judge.

Section 3 of the Selective Service Act of 1948 places upon every male person residing in the United States, who is between the ages of eighteen and twenty-six on the day fixed for the first or any subsequent registration, "the duty" to "present himself for and submit to registration at such time or times and place or places, and in such manner, as shall be determined by proclamation of the President and by rules and regulations prescribed hereunder."[1] By section 12(a), 50 U.S.C.A.Appendix, § 462(a), it is made a criminal offense for any person "charged as herein provided with the duty of carrying out any of the provisions of this title, or the rules or regulations made or directions given thereunder" knowingly to fail or neglect to perform such duty.

The indictment upon which the appellant was convicted, charged that being required to present himself for and submit to registration on September 13, 1948, he wilfully and knowingly failed to register with the Local Board on that date or thereafter. The prosecution's evidence proved that on September 13th the appellant entered the office of the local draft board in Glens Falls, N.Y., went to the desk of the clerk in charge, told her he was not going to register and handed her a letter explaining his reasons.[2] She referred him to the chairman of the board who, after talking with him, suggested that he consult a clergyman and come back again. The following day he did return, talked at length with the chairman, and said that his interview with the clergyman had not changed his conviction. The chairman explained to him what the penalty would be if he was convicted for not registering, but he continued to refuse and then left the board's office. His attitude was always quiet and respectful. The appellant was born March 15, 1928 and consequently was of the required age for registration on September 13, 1948. He is a member of the Society of Friends.

Much of the appellant's argument is directed to issues of religious liberty and the unconstitutionality of the Selective Service Act of 1948.[3] The ground upon which we shall rest decision makes unnecessary consideration of these questions. That ground is the absence of evidence justifying a conviction.

To determine whether the appellant's conduct was criminal requires an examination of the Selective Service Regulations promulgated by the Director on August 2, 1948 and published in the Federal Register, 13 F. R. 4535 et seq. Under the caption "Manner of Registration" there are six subdivisions, commencing with § 613.11. This provides that all persons who present themselves for registration shall be registered on a Registration Card. It provides further that "The registrar shall ask the registrant for the information necessary to complete the entries on lines 1 to 15 inclusive of the Registration Card (SSS Form No. 1), and shall enter such information on the proper lines of the card." He must not permit anyone else to write on the card "execpt when the registrant cannot participate in it even so far as to register."

1. 50 U.S.C.A.Appendix, § 453.

2. The concluding words of this letter were: "* * * because I believe this draft law is contrary to God's will, I

3. See Warren v. United States, 10 Cir., 177 F.2d 596.

signs the completed card." Section 613.12 gives detailed instructions to the registrar respecting his duties. Section 613.13 provides that after all the entries have been made "the registrar shall have the registrant verify" their correctness, and "the registrant shall then sign his name" in the space on the Registration Card provided for his signature. Then follows subdivision (c) of § 613.13 reading as follows: "If the registrant is unable or refuses to sign * * * the registrar shall sign such registrant's name and indicate that he has done so * * * and the act of the registrar in so doing shall have the same force and effect as if the registrant had signed the Registration Card (SSS No. 1), and such registrant shall thereby be registered."

Section 613.14 relates to certification by the registrar and section 613.15 to the registration certificate. Section 613.16 entitled "Recalcitrants" is printed in full in the margin.[4] This section contemplates the prosecution of persons "attempting to obstruct or delay" registration. The conduct which is recognized as having this effect is refusal to cooperate, evasion, refusal to answer, or answering falsely. No specific reference is made to a refusal to sign the registration card. The only words which might be thought to include such a refusal are "refuses to cooperate." But these words, we think, must refer to a lack of cooperation which has some tendency to obstruct or delay registration. In view of § 613.13(c), refusal by a registrant to sign the Registration Card has no such tendency, since the registrar may forthwith sign the registrant's name with the same effect as if he had himself signed. The regulation having provided a substitute for the registrant's signature we believe that the substitute was meant to serve for all purposes, including the condoning of the refusal. Criminal statutes must be strictly construed.[5] If the substantive duty of furnishing all requested information is performed by a registrant, we think he does "submit to registration" and that the statute and regulations do not clearly make criminal a refusal to perform the purely ministerial duty of signing. Such refusal imposes on the registrar the duty to sign the cards for the registrant and therefore does not preclude the immediate execution of a valid registration.

■ The prosecution proved that the appellant presented himself at the office of the local board on the required date and talked courteously and at length with the chairman. It offered no proof that he refused to give all information necessary for the registrar to make the required entries on the registration card. Hence, we conclude that the crime for which he was indicted was not proven.

■ It is true that the argument which has brought us to this conclusion was first advanced in the brief on appeal; it was not presented at the trial. However, Rule 52 (b) of the Federal Rules of Criminal Procedure, 18 U.S.C.A. provides: "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." There can be no plainer error or defect than the absence of evidence justifying a conviction. Hence the conviction must be reversed. However, we do not think we should be justified in dismissing the indictment in view of the way the case comes before us. Although the indictment was

4. "§ 613.16 Recalcitrants. If a registrant refuses to cooperate or is inclined to evade, refuses to answer, or to answer falsely, his attention should be called to the penal provisions of Title I of the Selective Service Act of 1948. If he is still refractory, witnesses should be called, and after the penalty of the law has been explained again to him in the presence and hearing of witnesses, a full opportunity should be given him to reconsider his actions and answer the questions. If he is still refractory, his name and the names of the witnesses should be noted and the case immediately reported to the United States district attorney. The registration should not be obstructed or delayed. Persons atempting to obstruct or delay it should be dealt with promptly and firmly."

5. Connally v. General Construction Co., 269 U.S. 385, 391, 46 S.Ct. 126, 70 L.Ed. 322; Kraus & Bros. v. United States, 327 U.S. 614, 621, 66 S.Ct. 705, 90 L.Ed. 894.

530

couched in the words of the statute, no complaint was made in the trial court that it did not adequately inform the accused of the nature of the charge brought against him. In our opinion it need not be dismissed on the ground that it does not sufficiently describe the crime.[6] Nor can the indictment be dismissed on the evidence. Although the prosecution did not prove commission of the crime charged, the evidence did not establish that it was not committed. It is possible that on a new trial if the prosecution sees fit to have one, evidence may be adduced to show that the accused refused some specific duty other than signing the card, as, for example, refusal to answer questions put to him by the chairman.[7]

Judgment reversed and cause remanded.

6. Cf. Lowenburg v. United States, 10 Cir., 156 F.2d 22; Foster v. United States, 9 Cir., 253 F. 481.

7. The appellant's brief states that the Attorney General has issued an order to United States Attorneys that "except in the most wilful instances, indictments should not be brought in future cases of religious objectors who refuse to submit to registration."