## CANNON v. UNITED STATES.
### No. 12374.

United States Court of Appeals
Ninth Circuit.

April 19, 1950.

Rehearing Denied May 22, 1950.

James D. Randles, Los Angeles, Cal., for appellant.

Ernest A. Tolin, U. S. Attorney, Norman W. Neukom, Sander L. Johnson, Assts., Los Angeles, Cal., for appellee.

Before DENMAN, Chief Judge, and STEPHENS and ORR, Circuit Judges.

STEPHENS, Circuit Judge.

Robert L. Cannon was indicted under provisions of the Selective Service Act of 1948, 50 U.S.C.A.Appendix, § 451 et seq., of knowingly failing and neglecting to register as required by the Act. After plea of not guilty a jury found him guilty and he was sentenced to a penal term of three years.

It was stipulated in open court [quoting the trial judge's words in stating the stipulation in definite form] " * * * that the reason why the defendant did not register and has not registered under the Selective Service Act of 1948 was because of his religious beliefs and convictions."

Appellant claims [again using the words of the trial judge which met with agreement of all parties] " * * * it is to be defendant's position throughout the case that the statute as applied to this defendant would amount to an unconstitutional deprivation of his free exercise of religion and, as such, would violate the First Amendment to the Constitution [of the United States]."

The court refused to give appellant's proposed instructions in line with appellant's claims as stated by the trial judge, and this appeal followed.

The indictment was filed January 19, 1949, long after this court in Local Draft Board No. 1 of Silver Bow County, Mont., v. Connors, 9 Cir., 1941, 124 F.2d 388, 390, had said: "It is within the congressional power to call everyone to the colors. No one under the jurisdiction of the sovereign nation, whatever his or her status, is exempt except by the grace of the government. In enacting the Selective Service measure Congress made specific exemptions, and, as well, prescribed certain classifications within which exemptions and deferments may be granted. It provided, section 304 [50 U.S.C.A.Appendix, § 304], for the selection of men 'in an impartial manner under such rules and regulations as the President may prescribe from the men who are liable for such training and service and who at the time of selection are registered and classified but not deferred or exempted' under Section 305 of the Act. The Regulations provide for classification (Regs. § XVIII), for an appearance before the Local Boards (Regs. § XXVI), for an appeal to the Board of Appeals (Regs. § XXVII) and for an appeal in certain limited circumstances to the President (Regs. § XXVIII)." Also see Berman v. United States, 9 Cir., 1946, 156 F.2d 377, for an analysis of the exemption from service upon the basis of religion. Between the date of the Connors case and September, 1948, when appellant in writing refused to present himself to the board for registration, many cases were decided, some of them by the Supreme Court of the United States, quite inconsistently with the views held by appellant but which were very earnestly argued to us by his counsel. The same point was raised as to the draft act in force during World War I and ruled against by the courts.

■■ It is clear that counsel sought to have us change our views and that possibly if he succeeded to eventually change the expressed views of the Supreme Court of the United States as to the constitutionality of the Act toward persons in circumstances comparable to those of appellant. Appellant's counsel also orally argued to us that the letters which appellant wrote to the so-called draft board and to the Director of Selective Service disclose all of the information the Act required him to furnish and that with such information the registrar of the board had the power

and the duty of authenticating his registration. Therefore, he was not required to "present" himself to the board.

Since this case was submitted to us, this court [the panel of judges except Judge Orr being different] has decided a case to all intents and purposes like the instant one, squarely against appellant's contentions on both points mentioned. We refer to Richter v. United States, 9 Cir., 181 F.2d 591.

The importance of the instant case to appellant and to others in like positions has impelled us to reexamine appellant's points and we find them entirely without merit in law. We affirm the decision upon authority of the Richter case wherein the points are reasoned and buttressed by authority.

We have something additional to say. Appellant is a young theological student and extremely zealous in his convictions. He is not at all of the stripe which enfolds themselves with the cloak of religion in order to escape military duty. In the generic meaning of the term he is not a criminal at all. However, the interests of the country are above and beyond any individual or any class of individuals. Except for the practical side of the situation our country would not indulge in war nor would it require any of its citizens to do any act in furtherance of a war effort. But the great majority do not subscribe to the doctrine of Peace at Any Price and laws must be made to conform to the best thought of such majority. Otherwise we would have no country. That is all the Selective Service Act amounts to and it is difficult to appreciate a state of mind which will not accommodate itself to these plain realities. The Selective Service Act was the law of the land. The very law which appellant openly spurned provided the very relief he tried to gain for himself through illegal procedure. All that his country required of him was that he cooperate in a practical method toward governmental tolerance and grace for the free adherence to his convictions.

He chose to violate the law and a penalty for intentional law violation can hardly be written so as to excuse the zealot and punish the venal. There is room here, however, for executive action. The members of this panel of this court are of the opinion that the justice department of the national government should carefully reexamine this case and all others of like nature with a view of relieving young conscientious zealots from the overwhelming burden of carrying the felon's brand past the period of rash decision and throughout their lifetime.

Affirmed.