**RICHTER v. UNITED STATES.**

No. 12282.

United States Court of Appeals
Ninth Circuit.

April 5, 1950.

Rehearing Denied May 29, 1950.

Wirin, Ressman & Okrand, Los Angeles, Cal., for appellant.

Ernest A. Tolin, U.S. Atty., Norman W. Neukom and Leila F. Bulgrin, Asst. U.S. Attys., Los Angeles, Cal., for appellee.

Before HEALY, McALLISTER,* and ORR, Circuit Judges.

McALLISTER, Circuit Judge.

Appellant Richter was found guilty of willful failure to register for selective service under the provisions of the Selective Service Act of 1948, 50 U.S.C.A.Appendix, § 451 et seq. On appeal, Richter, a conscientious objector, claims that the Act, as applied to him, violates his right of religious freedom under the First Amendment, and is, therefore, unconstitutional. The district court proceeded, for the purpose of the case, on the assumption that appellant's beliefs were religious in character, within the meaning and protection of the First Amendment, but, nevertheless, held that they were not unconstitutionally infringed by the mere requirement of registration under the Act in question.

In advance of his principal argument, appellant contends that Congress has no constitutional power to raise a peacetime army by conscription. There is no merit to this claim. The government has the right to the military service of all of

* Sixth Circuit, sitting by special designation.

its able-bodied citizens, and may, when an emergency arises, justly exact that service from all. In re Grimley, 137 U.S. 147, 11 S.Ct. 54, 34 L.Ed. 636. The power to raise and support armies is not limited to time of war. Congress has the power to compel military service of a citizen in peacetime or wartime, whenever it declares that it is necessary or that an emergency exists requiring the raising of an army. United States v. Herling, 2 Cir., 120 F.2d 236; United States v. Garst, D.C., 39 F.Supp. 367; United States v. Lambert, 3 Cir., 123 F.2d 395.

■ With respect to appellant's claim that the requirements of the Selective Service Act deprived him of his constitutional right of religious freedom, this claim, in one guise or another, was advanced again and again during the First World War, as well as the Second World War, and was uniformly rejected by the courts. Bronemann v. United States, 8 Cir., 138 F.2d 333. The Constitution grants no immunity from military service because of religious conviction or activities. Immunity arises solely through Congressional grace, in pursuance of a traditional American policy of deference to conscientious objection. Rase v. United States, 6 Cir., 129 F.2d 204. Congress can call everyone to the colors, and no one is exempt except by the act of grace of Congress. Local Draft Board No. 1 of Silver Bow County, Mont., v. Connors, 9 Cir., 124 F.2d 388; United States v. Newman, D.C., 44 F.Supp. 817. There is no constitutional right to exemption from military service because of conscientious objection or religious calling.

■■ In the face of the foregoing decisions of the courts and the rule therein announced and adhered to without qualification or variation throughout the history of this nation, the claim that appellant's constitutional right of religious freedom was violated by the mere requirement to register under the Selective Service Act is obviously untenable. Congress, of course, has the power to seek information through registration or otherwise in peacetime in order to be prepared for the intelligent exercise of its power to raise armies by conscription. United States v. Rappeport, D.C., 36 F.Supp. 915. In the present phase of history, marked by wars undeclared under the law of nations, a failure to register manpower of the country would be a failure to provide for the common defense. Stone v. Christensen, et al., D.C., 36 F. Supp. 739. See also United States v. Lambert, 3 Cir., 123 F.2d 395.

The language of Mr. Justice Cardozo in Hamilton, et al. v. Regents of University of Cal., 293 U.S. 245, 55 S.Ct. 197, 206, 79 L.Ed. 343, is here pertinent. Observing that from the beginnings of our history, conscientious objectors had been exempted as an act of grace from military service, often coupled with conditions of supplying the army with a substitute or the money necessary to hire one, he stated that such imposed conditions, indirectly related to service in the field, had never been considered to be so tied to the practice of religion as to be exempt, in law or morals, from regulation by the state. "Manifestly a different doctrine," he said, "would carry us to lengths that have never yet been dreamed of. The conscientious objector, if his liberties were to be thus extended, might refuse to contribute taxes in furtherance of a war, whether for attack or for defense, or in furtherance of any other end condemned by his conscience as irreligious or immoral. The right of private judgment has never yet been so exalted above the powers and the compulsion of the agencies of government. One who is a martyr to a principle—which may turn out in the end to be a delusion or an error—does not prove by his martyrdom that he has kept within the law.'"

In Gara v. United States, 6 Cir., 178 F.2d 38, 40, in affirming a conviction for knowingly counseling and aiding a person to refuse the registration required by the Selective Service Act of 1948, Judge Allen, speaking for the court, said: "The fact that appellant sincerely believed that it was his Christian duty to oppose registration does not absolve him from his violation

of the statute. The rights of religion are not beyond limitation. Davis v. Beason, 133 U.S. 333, 10 S.Ct. 299, 33 L.Ed. 637; Prince v. Massachusetts, 321 U.S. 158, 166, 64 S.Ct. 438, 88 L.Ed. 645. The guaranty of freedom of religion in the Bill of Rights is not a guaranty of immunity for violation of law. Baxley v. United States, 4 Cir., 134 F.2d 937; Reynolds v. United States, 98 U.S. 145, 25 L.Ed. 244. It is to be observed that § 456(j) of the Selective Service Act makes adequate provision for the protection of persons who by reason of religious training and belief are conscientiously opposed to participation in war, in any form; but they are required to register in order to claim exemption from combat duty or from non-combatant service." The requirement of registration does not violate the constitutional right of religious freedom of a conscientious objector.

[5] Appellant, in addition to the foregoing contentions, challenges the constitutional validity of the exemption and conscription provisions of the Selective Service Act. The registration provisions, which he violated, are, however, separable from the other provisions of the statute, and until compliance with the registration requirements, at least, he has no standing to attack the other sections to which he has not as yet made himself subject, and to which he might never be subject. Title 50 U.S.C.A.Appendix, § 465(c). United States v. Sugar et al., D.C., 243 F. 423; Stone v. Christensen et al., supra; United States v. Rappeport, supra.

Finally appellant maintains that his failure to register was not a violation of the law because the regulations provide that if a registrant refuses to sign the registration card, the registrar shall sign such registrant's name and indicate he has done so; that the act of the registrar, in so signing shall have the same effect as if the registrant had signed; and that such registrant shall thereby be registered; Reg. 613.13, 13 Fed.Reg. 4536, 5484. The regulations further provide that immediately upon a registrant's reporting to or being brought before a local board, he shall, if he refuses to sign any form, be registered by a member of the board who shall fill out the form from information gained by interviewing the delinquent; Reg. 642.31, 13 Fed.Reg. 5484.

Appellant declares that, in the light of the above regulations, he did not evade the law inasmuch as he notified the Director of Selective Service and the Attorney General, by letter, that he refused to register, on the grounds of conscientious objection; that, having so notified the responsible authorities, he was entitled to rely upon the foregoing regulations under which it was the duty of the registrar to register him. The answer to this contention is that it is not the obligation of the local board or the Selective Service authorities to secure the necessary information from a registrant by writing letters to him, and he is not entitled to be registered by a registrar simply because he notifies the authorities of his address and notifies them that he refuses to register. It is the duty of every male citizen of the United States between the ages of eighteen and twenty-six "to present himself for and submit to registration at such time or times and place or places, and in such manner," as provided by law. Title I, Section 3, of the Selective Service Act of 1948, Title 50 U.S.C.A.Appendix, § 453. The provision of the regulation that if the registrant refuses to sign the form, it shall be filled out by a member of the Board, presupposes that the registrant will present himself for and submit to registration, for, in such a case, the form is to be filled out "from information gained by interviewing" the registrant. United States v. Norton, 2 Cir., 179 F.2d 527, does not sustain appellant's claim in this regard. There, the registrant presented himself to the local draft board, and furnished all requested information, but merely refused to sign his name to the registration document. Appellant's contention that he is not guilty of violation of the regulations is without merit.

The judgment of the district court is affirmed.