## MICHENER v. UNITED STATES.
### No. 4076.

United States Court of Appeals
Tenth Circuit.
Oct. 20, 1950.

---

5. Del.Rev.Code 1935, § 4682, Petitions of Warrington, 1935, 7 W.W.Harr.Del. 19, 179 A. 505; 59 C.J.S.Mortgages, § 806.

Lawrence S. Holmes, Wichita, Kan. (Harrop A. Freeman, Ithaca, N. Y., was with him on the brief), for appellant.

Malcolm Miller, Topeka, Kan. (Lester Luther and V. J. Bowersock, Topeka, Kan., were with him on the brief), for appellee.

Before BRATTON, HUXMAN and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

Except as otherwise provided by law, section 3 of Title I of the Selective Service Act of 1948, 50 U.S.C.A. Appendix, § 453, makes it the duty of every male citizen of the United States to present himself for and submit to registration at such time or times and place or places, and in such manner, as shall be determined by proclamation of the President and by rules and regulations promulgated under the Act. Section 12(a) of the Act, 50 U.S.C.A. Appendix, § 462(a), makes it a criminal offense for any person charged with the duty of carrying out any of the provisions of the Act, or the rules and regulations made or directions given thereunder, to knowingly fail or neglect to perform such duty. And Regulation 613.13, promulgated under the Act, provides in pertinent part that if the registrant refuses to sign the registration card the registrar shall sign such registrant's name thereto and shall indicate that he has done so by signing his own name, followed by the word "Registrar" beneath the name of such registrant; that the act of the registrar in so doing shall have the same force and effect as if the registrant had signed the card; and that such registrant shall thereby be registered.

The indictment in this case charged in substance that Robert Michener, a male citizen of the United States between the ages of eighteen and twenty-six years, knowingly and wilfully failed, neglected, and refused to present himself for and submit to registration by the local draft board, as required by law. The defendant was found guilty and sentenced to imprisonment, and he appealed.

The first contention urged for reversal of the judgment and sentence is that the defendant complied with the law and that the offense laid in the indictment was not proved. The argument is that the defendant presented himself at the office of the local draft board; that the clerk of the board obtained from him all the information needed to fill out a registration card; that defendant having refused to sign the registration card, the registrar was required by regulation 613.13 supra to sign it for him; and that therefore he was effectively registered, within the intent and meaning of the Act. Evidence was adduced which tended to show these facts. In a letter addressed to the Director of State Selective Service, defendant stated that he was eighteen years of age; that he was not attempting to evade the consequences of his action; and that the purpose in writing was to advise that he could not conscientiously register for the draft and simultaneously retain his Christian beliefs. The following day, he appeared at the office of the local draft board and stated to the clerk of the board that he was eighteen years of age but that he refused to register. In response to questions asked by the clerk, he gave his name, date of his birth, his home address, and the name of his mother. He was willing to answer all the questions, and the clerk suggested that she fill out the registration card. In response to that suggestion, he said that he refused to register. She asked him why he refused to register and he said that he could talk about that for hours. She told him that she would have to report him and he said he knew that. And without more, he left the office of the local board. Sometime later, in the course of a conversation with a special agent for the Federal Bureau of Investigation, defendant refused to state where he was born and said that the reason for his refusal was that he did not wish the special agent to take the information and register him without his knowledge. And he further said that he did not want to register because of his religious beliefs. It is an offense under the Act for a male citizen of the United States between the

ages of eighteen and twenty-six years knowingly and wilfully to fail or neglect to present himself and submit to registration at the time and place and in the manner prescribed by law. It is one thing for a person to present himself for and submit to registration. It is quite another for him to enter the office of the local board and expressly refuse to register. The defendant did not enter the office of the local board for the purpose of presenting himself for and submitting to registration. He went there with the fixed intent of advising the board that he refused to register. That was his purpose. And while there he expressly refused to register.

Under the terms of Regulation 613.13, supra, if a registrant refuses to sign the registration card it becomes the duty of the registrar to sign the name of the registrant thereto and indicate that he has done so by signing his own name followed by the word "registrar" beneath the name of the registrant. The act of the registrar in signing the card in that manner has the same force and effect as though the registrant had signed it himself. And when the registration is completed in that manner the registrant is effectively registered. In this instance, the registration was not filled out and signed in that manner. The regulation presupposes that the registrant will present himself for and submit to registration, even though for some reason personal to himself he refuses to sign the card. Richter v. United States, 9 cir., 181 F.2d 591. Instead of appellant presenting himself for and submitting to registration, he called at the office of the local board for purpose of advising the board that he refused to register; and when the clerk of the board suggested that she would fill out the card he immediately dissented, expressing his dissent in terms of refusal to register. The regulation does not apply to a person who assumes a recalcitrant attitude in respect to the commands of the Act that he be registered in some manner. The acts and conduct of appellant, considered in their totality, constituted failure and neglect to present himself for and submit to registration, as required by the Act.

Richter v. United States, supra; Cannon v. United States, 9 cir., 181 F.2d 354.

The remaining contention of appellant is that even though he violated the Act, he did so in a proper exercise of religion guaranteed by the First Amendment to the Constitution of the United States and therefore he cannot be punished under the Act. But the First Amendment does not grant a right of exemption from registration as required by the Act. The Constitution vests in Congress the power to raise and provide for armies and naval forces. In the exercise of that grant of power Congress may exact military service of all citizens. And it may grant or withhold exemption on the ground of religious belief or on other grounds as in its wisdom it sees fit. But no right of such exemption is to be found in the Constitution. Roodenko v. United States, 10 cir., 147 F.2d 752; Warren v. United States, 10 cir., 177 F.2d 596.

The judgment is affirmed.