**UNITED STATES of America,
Plaintiff,**

v.

**Daniel Joshua BRUSTEIN, Defendant.**

**Crim. No. 9143.**

United States District Court
S. D. Ohio, E. D.

Feb. 12, 1969.

Robert M. Draper, U. S. Atty., and Alvin J. McKenna, Asst. U. S. Atty., for plaintiff.

Bruce A. Campbell, Columbus, Ohio, for defendant.

OPINION

KINNEARY, District Judge.

This is a criminal proceeding in which the defendant, Daniel Joshua Brustein, is charged with a violation of Title 50 App., United States Code, Section 462(a) in that he did fail to submit to registration with the Selective Service System as required by law. The defendant, having waived his right to trial by jury, came before this Court for trial on October 21, 1968.

There is little dispute over the facts of the instant case. On April 25, 1968, a young male person entered the offices of the Franklin County Local Selective Service Board and announced to the registrar that he was there to refuse to cooperate with the Selective Service. At that same time this man handed to the registrar several sheets of paper, marked and introduced into evidence as Government's Exhibit No. 2, which contained statements relating to this same refusal to cooperate. There is a conflict in the testimony of two of the witnesses as to whether the defendant had announced to the registrar who he was. This Court finds that the defendant never did in fact announce himself to be Daniel Joshua Brustein.

Subsequent to this initial encounter between the registrar and the defendant, it appears that the registrar asked the defendant for his birth certificate and driver's license, both of which the defendant refused to provide. Defendant then restated his intentions not to cooperate with the Selective Service System and said he would refuse to answer any questions relating to registration with the Selective Service System. It is also noted that the defendant did not sign what is known as the "Tally Sheet." Defendant was warned of the consequences of a refusal to register with the Selective Service System, but this resulted in no apparent change in the defendant's position.

The defendant's contention in the instant case is essentially that the defendant's conduct at the local board on April

25, 1968 was in fact sufficient to constitute registration with the Selective Service System and that he should be registered by operation of law.

The defendant is charged with a violation of Title 50 App., United States Code, Section 462(a). In relevant part, this statute reads:

(a) Any member of the Selective Service System or any other person charged as herein provided with the duty of carrying out any of the provisions of this title * * * or the rules or regulations made or directions given thereunder, who shall knowingly fail or neglect to perform such duty, and any person charged with such duty, * * * or who otherwise evades or refuses registration or service in the armed forces or any of the requirements of this title * * or who in any manner shall knowingly fail or neglect or refuse to perform any duty required of him under or in the execution of this title [said sections], or rules, regulations, or directions made pursuant to this title [said sections], or any person or persons who shall knowingly hinder or interfere or attempt to do so in any way, by force or violence or otherwise, with the administration of this title [said sections] or the rules or regulations made pursuant thereto, or who conspires to commit any one or more of such offenses, shall, upon conviction in any district court of the United States of competent jurisdiction, be punished by imprisonment for not more than five years or a fine of not more than $10,000, or by both such fine and imprisonment, * * *.

The regulations referred to in the above quoted statute are generally contained in Chapter 32 of the Code of Federal Regulations.

There are several factors which mitigate against the validity of the defendant's contention. Initially, the language of 50 App. U.S.C. § 462(a) states that *evasion* or refusal of registration shall be an offense against the United States [emphasis added]. Also, Chapter 32, Code of Federal Regulations, Section 1611.7(b) provides that every person is charged with the duty of "submitting to" registration. Whatever may be said concerning the legal effect of the defendant's conduct before the registrar on April 25, 1968, it is clear that he certainly manifested a lack of willingness to "submit to" registration. Further, Section 1613.11(a) of the Regulations provides in part that:

Every registrant before being registered shall enter his name and place of residence upon one of the numbered lines on the Tally Sheet (SSS Form No. 4) * * * 32 C.F.R. § 1613.-11(a).

It is clear that the defendant in this case did not so enter his name on the Tally Sheet. Finally, as a point of distinction from United States v. Norton, 179 F.2d 527 (2d Cir. 1950), there is proof in the record that shows that the defendant did not supply all of the information required by the registrar to fulfill her duty of assuring proper registration. Specifically, there was lacking any information which would indicate the defendant's actual place of residence, a fact which would determine to which local board the defendant would be assigned. The defendant's recalcitrant attitude with regard to cooperation with the registrar and unwillingness to answer questions is further proof of the defendant's refusal to submit to registration. Michener v. United States, 184 F.2d 712 (10th Cir. 1950).

Whereupon, the Court determines that the elements of the offense as charged in the indictment have been proved beyond a reasonable doubt and therefore it is adjudged that the defendant is guilty of the offense charged in the indictment.