**UNITED STATES of America,**
**Plaintiff-Appellee,**

**v.**

**Paul Bennett BIGMAN, Defendant-**
**Appellant.**

**No. 25346.**

United States Court of Appeals,
Ninth Circuit.

June 29, 1970.

Certiorari Denied Nov. 9, 1970.
See 91 S.Ct. 141.

Marvin M. Karpatkin (argued), Melvin L. Wulf of American Civil Liberties Union, New York City, Gerlad H. Robinson, Portland, Or., for appellant.

Norman Sepenuk (argued), Asst. U. S. Atty., Sidney I. Lezak, U. S. Atty., Tommy Hawk, Asst. U. S. Atty., Portland, Or., for appellee.

Before BROWNING, WRIGHT, and TRASK, Circuit Judges.

PER CURIAM:

Appellant was convicted of failing to register with the Selective Service System in violation of 50 U.S.C. App. § 462. We affirm.

Appellant contends that the trial court erred in admitting certain statements made by him to FBI agents prior and subsequent to his arrest because the agents did not advise him of his rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), before questioning him. The government responds that appellant was not "in custody" when interviewed prior to his arrest, and had already been adequately warned before the post-arrest questioning. We need not reach these issues. Assuming, arguendo, that appellant should have been advised of his *Mi-*

*randa* rights on both occasions, he raised no objection on this ground before or during trial and, in fact, expressly declined the trial court's offer to hold a Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, hearing on the admissibility of the statements. Moreover, the substance of the statements was repeated in appellant's own trial testimony. Under these circumstances, we cannot say that admission of the statements was plain error affecting appellant's substantial rights. Fed.R.Crim.P. 52(b).

Appellant's second contention is that 32 C.F.R. §§ 1613.11 and 1613.13 required the registrar of the local board to register appellant for the draft on the basis of the information obtained from appellant by the FBI agents. But as we pointed out in Richter v. United States, 181 F.2d 591, 594 (9th Cir.1950), these regulations presuppose "that the registrant will present himself for and submit to registration * * *." In United States v. Norton, 179 F.2d 527 (2d Cir. 1950), relied upon by appellant here, the registrant "presented himself at the office of the local board on the required date and talked courteously and at length with the chairman." *Id.* at 529.

Appellant also contends that the local board violated the first sentence of 32 C.F.R. § 1613.16 by failing to call his attention to the penal provisions of the Selective Service Act. The sentence which appellant isolates must be considered in the context of the balance of section 1613.16 and the provisions of sections 1613.1–1613.14. So read, the warning provision clearly applies only where the person required to be registered has presented himself for registration at the local board. *Cf.* Richter v. United States, *supra.*

Appellant's two remaining contentions are related. He argues that the Due Process Clause of the Fifth Amendment is violated by limiting the conscientious objector exemption to those who register, and that the compulsory registration procedures of the Act

violate appellant's First Amendment right to free exercise of his religious beliefs against compliance with those procedures.

Neither contention is supportable. The "discrimination" between registered and non-registered conscientious objectors is patently not "so unjustifiable as to be violative of due process," Bolling v. Sharpe, 347 U.S. 497, 499, 74 S.Ct. 693, 694, 98 L.Ed. 884 (1954). Appellant's contention that the registration requirements impinge impermissibly upon constitutionally protected freedom of religion has been rejected in an unbroken line of authority in this circuit (Richter v. United States, *supra*, 181 F.2d at 594) and in others United States v. Toussie, 410 F.2d 1156, 1161 (2d Cir. 1969), rev'd on other grounds, 397 U.S. 112, 90 S.Ct. 858, 25 L.Ed.2d 156 (1970); Michener v. United States, 184 F.2d 712, 714 (10th Cir. 1950); United States v. Henderson, 180 F.2d 711, 713 (7th Cir. 1950); Gara v. United States, 178 F.2d 38, 40 (6th Cir. 1949); Warren v. United States, 177 F.2d 596, 599 (10th Cir. 1949). *See also* United States v. O'Brien, 391 U.S. 367, 377, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1968).

Affirmed.