UNITED STATES of America
v.
Henry David KELLY, Jr.
Crim. A. No. 70–71.

United States District Court,
E. D. Pennsylvania.
Jan. 20, 1972.

Faith Whittlesey, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Burton Caine, Wolf, Block, Schorr & Solis-Cohen, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

FULLAM, District Judge.

Defendant is charged with having violated the Military Selective Service Act of 1967, 50 App. U.S.C. §§ 453, 462 (1970), by failing to register for the draft. He has moved under Fed.R. Crim.P. 12 to dismiss the indictment on four grounds:

1. Since defendant did register, after his indictment, there is no public interest in continuing the prosecution;

2. Since defendant supplied to the government all essential information needed for registration, by means of a letter to the United States Attorney's office, he should be regarded as having registered;

3. The government's failure to warn defendant of the consequences of non-registration violates the Constitution and the Selective Service regulations;

4. The government's refusal to dismiss the indictment after the defendant registered is contrary to its usual practice, and constitutes unconstitutional selective prosecution.

■ The latter ground presents factual issues which are not ripe for decision. The other three grounds are without merit.

■ The contention that a violation of a penal statute can be of such little public concern that prosecution is, as a matter of law, unwarranted has not found support in the cases. E. g., United States v. Lamb, 294 F.Supp. 419, 420 (E.D.Tenn.1968). Even assuming that the maxim *de minimis non curat lex* may be applicable in an appropriate criminal prosecution, this is not such a case. Congressional power to conscript, and to require registration by individuals potentially liable to conscription, is, of course, unchallenged. E. g., United States v. O'Brien, 391 U.S. 367, 377, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1968). The government's contention that the conduct alleged, if repeated on a widespread basis throughout the nation, cf. Wickard v. Filburn, 317 U.S. 111, 127–128, 63 S. Ct. 82, 87 L.Ed. 122 (1942), would undermine the effectiveness of the registration system, is equally unassailable. Defendant's contention that no conceivable interest is served by prosecution under these circumstances raises questions of policy which I am foreclosed from considering.

■ Defendant's assertion that he provided all information necessary for registration and therefore should have been deemed registered is also unavailing. In the first place, defendant's provision of data was untimely. A presidential proclamation promulgated under authority of the statute, Proclamation No. 2799, 13 Fed.Reg. 4173, 62 Stat. 1531, ¶ 1(j) (1948), requires registration within five days after the eighteenth birthday. See Toussie v. United States, 397 U.S. 112, 119, 90 S.Ct. 858, 25 L.Ed.2d 156 (1970). The time limit was not complied with. More importantly, the statute contemplates registration by personal appearance at the office of the Local Selective Service Board. Some departure from the norm may be acceptable. In United States v. Norton, 179 F.2d 527 (2d Cir. 1950), the defendant presented himself at the Board office but refused to register; since he had supplied all of the necessary information, he was deemed registered. But in *Norton,* defendant's conduct varied

little from the prescribed method of registration, and caused little delay or additional effort. Here, for the defendant to become registered, in the sense of having his name and other information recorded on the appropriate Selective Service forms, it would have been necessary for the United States Attorney's office to ascertain the identity of the local board with jurisdiction over defendant[1] and to forward the information to it; the board would then have been required to sort out the relevant information from all of the data supplied by the defendant. Congress surely may devise rules to provide for more orderly registration than this. The procedure followed in this case cannot be held to constitute substantial compliance with the statute. *Accord,* United States v. Bigman, 429 F.2d 13, 14 (9th Cir.), cert. denied, 400 U.S. 910, 91 S.Ct. 141, 27 L. Ed.2d 150 (1970); Richter v. United States, 181 F.2d 591, 594 (9th Cir. 1950).[2]

It is defendant's final contention that he should have been warned of the consequences of his action, and provided an opportunity for reconsideration. The argument is twofold.

■ Defendant's constitutional theory is based on Quinn v. United States, 349 U.S. 155, 75 S.Ct. 668, 99 L.Ed. 964 (1955). There, a witness before a congressional committee had refused to answer a question on grounds of privilege. The committee did not rule either way on his objection. The Supreme Court held these facts insufficient to support a criminal conviction, because the witness could not know whether the committee, after hearing his objection, still sought an answer. Consequently, no criminal intent had been shown. Defendant asserts that after he wrote to the United States Attorney to express his refusal to register, he was owed a "response of the type envisioned in *Quinn.*" But in that case, the duty to answer the committee questions did not arise until its members determined that an answer was desired. Here, the duty is created by statute, and no person is authorized to forgive its performance; the duty is a clear one, and defendant cannot reasonably assert that he did not know whether his failure to register constituted a violation. Defendant might have wished to ascertain whether or not he would be prosecuted, but a failure to advise that prosecution was contemplated is in no way comparable to the failure in *Quinn* to advise that a response was sought.

■■ The second half of defendant's theory is based on 32 C.F.R. § 1613.16 (1969), requiring Selective Service employees, when confronted by "recalcitrants" who "refuse to cooperate," to call attention to the penal provisions of the Selective Service Act. Defendant contends that no such advice was given in this case, and therefore prosecution is improper. The government asserts that the duty to provide this information is owed only to recalcitrants who present themselves to the local board office. *See* United States v. Bigman, 429 F.2d 13, 14 (9th Cir.), cert. denied, 400 U.S. 910, 91 S.Ct. 141, 27 L.Ed.2d 150 (1970). It is not necessary to decide whether warnings must be given if a non-registrant fails to go to the board office, since the error in this case, if error there was, was harmless. Defendant has not alleged that he was unaware of the legal consequences of his act, or that, if advised, he would have considered a different course of action. Indeed, he wrote to the United States attorney because "you are the person whose responsibility it will be to prosecute," thus demonstrating his understanding of the criminal nature of his failure to register. A rule holding failure to comply with § 1613.16 sufficient to preclude conviction

---

1. This procedure would in some cases deprive an individual of the choice of boards afforded to him if he has more than one address. *See* 32 C.F.R. § 1613.12(a).

2. Determination that this contention and the previous one are without merit does not imply that they might not be relevant to the defendant's "selective prosecution" theory.

in all cases would be unwarranted.[3] At most, the class of individuals to whom the § 1613.16 duty could be owed consists of those who present themselves at their local board office and those who otherwise make their existence known to the board. Of this category, few can be unaware of the consequences of their actions. I have no evidence before me as to the level of general awareness of the penal provisions of the Selective Service Act, but the abundance of draft-related news in recent years suggests that public familiarity with the duty to register must be very high. It may be that those who honestly do not comprehend the serious nature of their offense should be entitled to the warnings, as a prerequisite to a conviction, but persons in this class must, at a minimum, allege their lack of knowledge.[4]

Defendant's motion will therefore be denied.

---

3. Arguably, the purpose of this section is to facilitate processing, and not to insure against unintelligent violations of law. Under this view, non-compliance with this section might never constitute a defense.

4. The considerations that impelled the Supreme Court's holding that failure to give *Miranda* warnings renders a confession inadmissible despite actual knowledge of the warnings' contents, are absent here. Miranda v. Arizona, 384 U.S. 436, 471–472, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).