**UNITED STATES of America**

v.

**Michael HOUSEMAN, Defendant**

**No. 71 Cr. 623.**

United States District Court,
S. D. New York.

March 1, 1972.

See also D.C., 335 F.Supp. 226.

Whitney North Seymour, Jr., U. S. Atty., S. D. N. Y., for the United States, George E. Wilson, Special Asst. U. S. Atty., S. D. N. Y., of counsel.

Alfred Lawrence Toombs, New York City, for defendant.

METZNER, District Judge.

The defendant, Michael Houseman, has been indicted for failure to register with the Selective Service system in violation of 50 U.S.C. App. § 462(a) and 32 C.F.R. § 1611.1.

On November 21, 1969, his eighteenth birthday, the defendant sent a letter to his local draft board in which he stated that because of his moral principles he

was refusing to register for the draft even though "I realize that I am required by the Military Selective Service Act of 1967 to 'submit to registration' within five days of my birthday." The letter went on to say that the defendant was a freshman at Brandeis University and that he could register and receive a student deferment, but that such action would mean compliance with a law which he believed to be profoundly wrong. He ended the letter by saying that he was aware of the consequences of his action and was prepared to accept them.

██ Defendant first contends that sufficient information was furnished in his letter to require the local board to register him pursuant to 32 C.F.R. § 1613.13. This, however, is not so, since the board did not have the information necessary to fill in the answers to questions 7, 8, 9, 10, 11, 12, 17 and 18 on the registration form. While the answers to questions 17 and 18, which concern the registrant's service in the armed forces and his reserve status, could be gleaned from the tone of the letter, vital information was still missing. The draft board was under no duty to make inquiry to obtain the necessary information so that it could register the defendant under the above regulation. Richter v. United States, 181 F.2d 591 (9th Cir. 1950); Cannon v. United States, 181 F. 2d 354 (9th Cir. 1950).

The defendant places great reliance on United States v. Norton, 179 F.2d 527 (2d Cir. 1950). In that case the Court of Appeals for the Second Circuit held that where a person appears personally before the draft board and furnishes all the information requested of him, but merely refuses to sign his draft card, he cannot be prosecuted for refusal to register.

The *Norton* case, however, is not in point. Rather, the present case, where the defendant specifically refused to appear at the local board, is governed by Richter v. United States, *supra*, Cannon v. United States, *supra*, and United States v. Bigman, 429 F.2d 13 (9th Cir. 1970).

██ The charge here is that the defendant wilfully and knowingly refused to perform a duty required by the Military Selective Service Act of 1967, 50 U.S.C. App. § 462(a), 32 C.F.R. §§ 1611.1, 1611.6. The letter referred to above clearly shows that the defendant knowingly and wilfully refused to register. While it may be that at the time of his eighteenth birthday in November of 1969 the defendant was young and immature and did not fully realize the consequences of his act, certainly between that time and his appearance before the grand jury in March of 1970 and his ultimate indictment on June 14, 1971, he had the benefit of both legal and spiritual guidance.

██ Finally, the defendant contends that pursuant to 32 C.F.R. § 1613.16 the draft board had an obligation to call his attention to the penal provisions of the Selective Service Act. However, the warning provision of the Selective Service regulations applies only where the person required to be registered has presented himself for registration before the board. United States v. Bigman, *supra*; see also Chernekoff v. United States, 219 F.2d 721 (9th Cir. 1955).

The court finds the defendant guilty of failure to register with the Selective Service system.

So ordered.