UNITED STATES of America, Plaintiff-Appellee,

v.

Dennis Ray KOEHN, Defendant-Appellant.

No. 71–1444.

United States Court of Appeals, Tenth Circuit.

April 6, 1972.

Gerrit H. Wormhoudt, Wichita, Kan. (John E. Matson, Wichita, Kansas, on the brief), for defendant-appellant.

John J. Immel, Asst. U. S. Atty., Wichita, Kan. (Robert J. Roth, U. S. Atty., Wichita, Kan., on the brief), for plaintiff-appellee.

Before HILL, BARRETT and DOYLE, Circuit Judges.

BARRETT, Circuit Judge.

Dennis Ray Koehn was indicted, tried by the Court without jury, found guilty and sentenced under the Federal Youth Corrections Act, 18 U.S.C. §§ 5005–5024, for knowingly failing to register with his local draft board within five days after he attained age 18 in accordance with 50 U.S.C. App. § 453.

On appeal Koehn argues that: (1) the State Selective Service Board had acquired all of the information necessary to register him and that under 32 C.F.R. § 1613.13(c) he should be considered as having registered himself;[1] (2) he cannot be forced to perform the symbolic act of registration in violation of his constitutional right to freedom of religion; and (3) the prosecution did not prove that he willfully, unlawfully and knowingly violated the statute. Similar contentions were raised and rejected in

---

1. 32 C.F.R. § 1613.13(c) provides:

"If the registrant is unable or refuses to sign the registration card (SSS Form 1) or to make a mark in lieu of such signature, the registrar shall sign such registrant's name . . . and the act of the registrar in so doing shall have the same force and effect as if the registrant had signed the Registration Card (SSS Form 1) and such registrant shall thereby be registered."

Michener v. United States, 184 F.2d 712 (10th Cir. 1950).

Koehn is a Mennonite. Some 45 days after his 18th birthday he wrote to his local Selective Service Board and advised that he could not cooperate with the draft because of his Christian beliefs. Some time later he met with Colonel Elder, the Director of the State Selective Service Board. He also corresponded with him. By reason of the interview and correspondence, Colonel Elder acquired the information necessary to register Koehn. Koehn thus contends that he should have been registered by the State Selective Service Board under 32 C.F.R. § 1613.13(c).

To support his argument, Koehn relies on United States v. Norton, 179 F.2d 527 (2nd Cir. 1950). There the Court ruled that when a registrant presents himself for registration at the local board on the required date and provides all of the information necessary for registration but then refuses to affix his signature to the card he is not guilty of a knowing failure to "submit to registration" inasmuch as under the applicable regulation the registrar may sign his name to the card with the same force and effect as if he had signed it. The *Norton* case held that refusal to sign the card did not constitute "refusal to cooperate" under Regulation 613.16 entitled "Recalcitrants" in that such refusal did not tend to obstruct or delay registration. Even though in *Norton* the registrant did in fact appear before the local board and present himself for registration—whereas Koehn did not—in both cases the requisite information was supplied. *Norton* held that under these circumstances the regulation authorizing the registrar to sign the registrant's name to the card cures his "refusal to cooperate" in this respect.

 We are not persuaded that the regulation authorizing the registrar to affix the signature of a registrant who refuses to do so was promulgated for the purpose of "excusing" a recalcitrant's knowing "refusal to cooperate" even though nothing in the regulation speaks expressly to the subject of the registrant's duty to sign the card. We view the regulation as one designed to accomplish an administrative necessity involving a nationwide system rather than one designed to cure the knowing and willful "refusal to cooperate" state of mind of the recalcitrant. This seems fundamental in the context of the duty imposed upon each prospective registrant to present himself before his local board for registration. Richter v. United States, 181 F.2d 591 (9th Cir. 1950), cert. denied 340 U.S. 892, 71 S.Ct. 199, 95 L.Ed. 647 (1950).

 Koehn argues that compelling him to register violates his First Amendment right to freedom of religion. He does not demonstrate how his religious beliefs are prejudiced or compromised by the single act of registration, except to imply that this in some manner amounts to acquiescense. We hold that requiring a person to register for the draft does not violate his right to freedom of religion. Michener v. United States, *supra*; United States v. Bigman, 429 F.2d 13 (9th Cir. 1970), cert. denied 400 U.S. 910, 91 S.Ct. 141, 27 L.Ed.2d 150 (1970); Cannon v. United States, 181 F.2d 354 (9th Cir. 1950). Immunity from military service is a Congressional grace. There is no constitutional right to exemption under the Selective Service Act because of conscientious objection. Keene v. United States, 266 F.2d 378 (10th Cir. 1959); Richter v. United States, *supra*.

The Selective Service System is designed to provide a means of securing qualified individuals for the armed services. To ensure this goal statutes and regulations have been enacted to promote orderly processing on a national basis. The Supreme Court has said:

"The constitutional power of Congress to raise and support armies and to make all laws necessary and proper to that end is broad and sweeping. Lichter v. United States, 334 U.S. 742, 755–758 [, 68 S.Ct. 1294, 1301–1303, 92 L.Ed. 1694] (1948); Selective

Draft Law Cases, 245 U.S. 366 [, 38 S.Ct. 159, 62 L.Ed. 349] (1918); see also Ex Parte Quirin, 317 U.S. 1, 25–26 [, 63 S.Ct. 1, 9–10, 87 L.Ed. 3] (1942). The power of Congress to classify and conscript manpower for military service is 'beyond question'. Lichter v. United States, *supra*, at 756 [, 68 S.Ct. at 1302;] Selective Draft Law Cases, *supra*. Pursuant to this power, Congress may establish a system of registration for individuals liable for training and service, and may require such individuals within reason to cooperate in the registration system." United States v. O'Brien, 391 U.S. 367 at 377, 88 S. Ct. 1673, at 1679, 20 L.Ed.2d 672 (1968).

On appeal the parties have not made reference to a critical fact consideration. Koehn was indicted, tried and convicted for knowingly evading and refusing registration with his local board within 5 days after having reached the age of eighteen years. 50 U.S.C. App. § 453. Koehn was born on January 15, 1952. Accordingly, if he knowingly and willfully refused to register with his local board by January 22, 1970, he had committed the crime with which he was charged. This record reflects that the board first learned of Koehn's refusal to register upon receipt of his letter of February 25, 1970. This was long after the 5 day period of grace permitted under the statute. The crime had already been committed. A registrant can present himself for registration, sign the card and still be convicted of the crime if he appears later than 5 days following his 18th birthday. Kaohelaulii v. United States, 389 F.2d 495 (9th Cir. 1968). The contention that Colonel Elder should have registered Koehn fails to cure Koehn's knowing failure to present himself before his local board within the statutory five day limit. We note that in *Michener* and *Norton* the respective registrants did in fact appear before their respective boards within the five day period.

Koehn contends that it was not proven that he had the requisite intent to willfully, unlawfully and knowingly violate the statute. We cannot agree. In United States v. Williams, 421 F.2d 600 (10th Cir. 1970), we said that to knowingly fail to perform a duty one must be aware of the duty and deliberately fail to perform it. Koehn testified that at the time he refused to register he was aware that the Selective Service law requires 18 year old males to register for the draft within 5 days of their 18th birthday. He stated that he voluntarily refused to register and never intended to register with the Selective Service System. In his letter to Colonel Elder, Koehn observed that his refusal could result in a prison sentence. Koehn had the necessary intent to violate the statute. United States v. Ebey, 424 F.2d 376 (10th Cir. 1970).

Affirmed.