## UNITED STATES v. RYALS.
### Criminal Action No. 16949.

District Court, N. D. Georgia,
Atlanta Division.
May 1, 1944.

M. Neil Andrews, U. S. Atty., and Raymond W. Martin, Asst. U. S. Atty., both of Atlanta, Ga., for plaintiff.

Hal Lindsay, of Atlanta, Ga., for defendant.

UNDERWOOD, District Judge.

The demurrer in the above case came on for hearing and was duly heard.

As ground for demurrer, defendant alleged that he was within a class of persons exempt from military service and not subject to induction into either the armed or noncombatant services under the Selective Training and Service Act of 1940, 50 U.S. C.A.Appendix, § 301 et seq., because he was a minister and of a class expressly excluded by the Act; and that the indictment

is insufficient because it does not charge an offense under the Constitution and laws of the United States because it does not allege that he was not within the exception made in the proviso of the Act which exempts ministers.

This ground of the demurrer is not valid and is overruled. It is well settled that an indictment founded on a general provision defining the elements of an offense "need not negative the matter of an exception made by a proviso or other distinctive clause, whether in the same section or elsewhere, and that it is incumbent on one who relies on such an exception to set it up and establish it." McKelvey v. United States, 260 U.S. 353, 357, 43 S.Ct. 132, 134, 67 L.Ed. 301; Edwards v. United States, 312 U.S. 473, 483, 61 S.Ct. 669, 85 L.Ed. 957.

Other grounds of the demurrer allege the unconstitutionality of that portion of the Act which provides for the assignment of conscientious objectors to work of national importance and those regulations formulated under said Act with respect to reporting for assignment to such work, as depriving defendant of liberty and property without due process of law, in violation of the Fifth Amendment of the Constitution, and imposing upon him involuntary servitude other than for crime, in violation of the Thirteenth Amendment of the Constitution.

These grounds are also invalid. The courts have rejected this argument. From the beginning the courts have held that the citizen owes certain duties to the Government and performance of these duties may be compelled even though they involve work without compensation. The Supreme Court has said that: "This Amendment (the Thirteenth) was adopted with reference to conditions existing since the foundation of our government, and the term 'involuntary servitude' was intended to cover those forms of compulsory labor akin to African slavery which, in practical operation, would tend to produce like undesirable results. It introduced no novel doctrine with respect of services always treated as exceptional, and certainly was not intended to interdict enforcement of those duties which individuals owe to the state, such as services in the army, militia, on the jury, etc. The great purpose in view was liberty under the protection of effective government, not the destruction of the latter by depriving it of essential powers." Butler v. Perry, 240 U.S. 328, 36 S.Ct. 258, 259, 60 L.Ed. 672.

But it is claimed in this case that compulsory service in the work camps is not work of national importance, as required by the Selective Training and Service Act. This issue can not be determined in this case, certainly not on demurrer. Falbo v. United States, 320 U.S. 209, 63 S.Ct. 1448, 87 L.Ed. 1848; Id., 320 U.S. 549, 64 S.Ct. 346, 88 L.Ed. ——; Billings v. Truesdell, Major General, United States Army, 321 U.S. 542, 64 S.Ct. 737. This issue may be raised after the selectee has entered the work camp and been assigned to definite work, which may or may not be work of National importance. If then he desires to raise the issue, he may proceed by habeas corpus.

The demurrer and all grounds thereof are overruled.