## UNITED STATES v. BOLTON.

### No. 63, Docket 22091.

United States Court of Appeals
Second Circuit.

Submitted Nov. 8, 1951.

Decided Nov. 27, 1951.

---

1. Ziebart v. United States, 5 Cir., 185 F. 2d 124, 125.

2. United States v. Moore, 7 Cir., 166 F.2d 102.

Herman Adlerstein, New York City, for appellant.

Adrian W. Maher, U. S. Atty., Hartford, Conn., for appellee.

Before SWAN, Chief Judge, FRANK, Circuit Judge, and COXE, District Judge.

PER CURIAM.

The appellant was convicted after trial to the court, a jury having been waived, upon an information which charged in two counts that on different dates he wilfully refused to report for induction into the armed forces of the United States as ordered by his local draft board, thereby violating the Selective Service Act of 1948, 50 U.S.C.A.Appendix, § 451 et seq. He

was sentenced to imprisonment for a term of a year and a day on each count, to run concurrently, and is serving his sentence at Danbury, Connecticut.

■■ The sole ground upon which the appellant attacks his conviction is the asserted unconstitutionality of the Selective Service Act of 1948. He concedes that the Supreme Court has upheld the validity of a prior statute requiring compulsory military service, Selective Draft Law Cases (Arver v. U. S.) 245 U.S. 366, 38 S.Ct. 159, 62 L. Ed. 349, and that at least one Court of Appeals has held constitutional the 1948 Act. United States v. Henderson, 7 Cir., 180 F. 2d 711, certiorari denied 339 U.S. 963, 70 S. Ct. 997, 94 L.Ed. 1372.[1] But he argues that the question should be reconsidered, and particularly because as applied in the present world situation men are drafted for war service in a foreign country, Korea, without any declaration of war by Congress and "without the consent of Congress." If the constitutionality of a statute requiring compulsory military service is to be reconsidered, such reconsideration should be by the Supreme Court; we shall not presume to do so. So far as the argument of unconstitutionality invokes the possibility that the appellant may be sent to fight in Korea, we think it is premature. Any question as to the legality of an order sending men to Korea to fight in an "undeclared war" should be raised by someone to whom such an order has been directed, not by the appellant, who might never be ordered abroad for military duty, even if he reported for induction. Cf. United States v. Richter, 9 Cir., 181 F.2d 591, 594, certiorari denied 340 U.S. 892, 71 S.Ct. 199, 95 L.Ed. 647.

Judgment affirmed.

---

[1] See also Cannon v. United States, 9 Cir., 181 F.2d 354, certiorari denied 340 U.S. 892, 71 S.Ct. 199, 95 L.Ed. 647; Richter v. United States, 9 Cir., 181 F.2d 591, certiorari denied 340 U. S. 892, 71 S.Ct. 199, 95 L.Ed. 647; Michener v. United States, 10 Cir., 184 F.2d 712.