UNITED STATES of America, Plaintiff-Appellee,

v.

Lucille S. MILLER, Defendant-Appellant.

No. 281, Docket 23942.

United States Court of Appeals Second Circuit.

Argued April 9, 1956.

Decided May 3, 1956.

See also D.C., 131 F.Supp. 88.

———◆———

Lucille S. Miller, Bethel, Vt., defendant-appellant pro se.

Louis G. Whitcomb, U. S. Atty. for Dist. of Vt., Springfield, Vt., and Stephen B. Richardson, Asst. U. S. Atty., Burlington, Vt., for plaintiff-appellee.

Before CLARK, Chief Judge, and HINCKS and LUMBARD, Circuit Judges.

PER CURIAM.

Defendant, Lucille S. Miller, was convicted in July, 1955, on all eighteen counts of an indictment charging her with knowingly counseling nine named persons to refuse to comply with certain provisions of the Universal Military Training and Service Act, in violation of 50 U.S.C.App. § 462(a). Judge Gibson imposed a sentence of a year and a day on each count to run concurrently, but suspended sentence and placed the defendant on probation for a term of five years.

The defendant has at no time denied or disavowed the acts charged; on the contrary she committed them deliberately and invited prosecution. Her argument is directed to an attack upon the constitutionality of the peacetime draft law, 50 U.S.C.App. § 451 et seq., and to the asserted conflict between the provision prohibiting the counseling of violations of that law and the right of freedom of speech guaranteed by the First Amendment. But her constitutional objections have been met by the overwhelming weight of well-settled and unanimous authority. See United States v. Nugent, 346 U.S. 1, 73 S.Ct. 991, 97 L.Ed. 1417; Schenck v. United States, 249 U.S. 47, 39 S.Ct. 247, 63 L.Ed. 470; United States v. Bolton, 2 Cir., 192 F.2d 805; Gara v. United States, 6 Cir., 178 F.2d 38, affirmed Per Curiam without opinion 340 U.S. 857, 71 S.Ct. 87, 95 L.Ed. 628; United States v. Henderson, 7 Cir., 180 F.2d 711, 715, certiorari denied 339 U.S. 963, 70 S.Ct. 997, 94 L.Ed. 1372. Congress in fulfillment of its constitutional duty has enacted this legislation to provide for the national security; that defendant disapproves the Congressional action and has frequently and vehemently stated her position on this and other matters of public importance lends no weight to the validity of her arguments, which are without legal merit. Like the conviction of her husband this day affirmed, United States v. Miller, 2 Cir., 233 F.2d 173, this is a sad case where self-delusion has carried defendant to the point where she apparently believes her own warped ideas of patriotism, interlarded with distressing racial, religious, and political biases, can justify her in the crudest of law violations. At any rate the processes of the law, exemplified in a wholly fair trial, at which she was represented by three attorneys, must go forward to their invited and inevitable conclusion.[1]

The judgment of conviction must therefore be affirmed.

---

1. A brief of a Western attorney and purported "friend of the court," being a curious compound of scurrility and irrelevance, the filing of which is not objected to by the United States Attorney, may remain lodged in the files of the court as an example of how lawyers should not act.