**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Manuel S. MILLER, Defendant-Appellant.**

**No. 349, Docket 23941.**

United States Court of Appeals
Second Circuit.

Argued April 9, 1956.

Decided May 3, 1956.

Manuel S. Miller, Bethel, Vt., defendant-appellant pro se.

Louis G. Whitcomb, U. S. Atty. for Dist. of Vt., Springfield, Vt., and Stephen B. Richardson, Asst. U. S. Atty., Burlington, Vt., for plaintiff-appellee.

Before CLARK, Chief Judge, and HINCKS and LUMBARD, Circuit Judges.

PER CURIAM.

Defendant, Manuel S. Miller, was convicted under 18 U.S.C. § 111 of forcibly assaulting, resisting, opposing, impeding, intimidating, and interfering with a United States Marshal in the performance of his official duties, and, on a second count, of also resisting a Deputy Marshal; he was sentenced to pay a fine of $1,000 and to be imprisoned for a year and a day—the prison sentence to be followed by three years' probation. The evidence at the trial—where defendant was represented by three attorneys—established that on May 3, 1955, a United States Marshal went to his home for the purpose of taking his wife into custody in pursuance of a lawful order of the United States District Court committing her for psychiatric examination to determine her ability to stand trial on charges of counseling evasion of the draft for military service. When the officers arrived at his home, defendant, Manuel S. Miller, armed with a Winchester rifle and threatening to shoot if the Marshal attempted to carry out his lawful duty, kept the officers at bay for a period of about twelve hours until he was routed by tear gas and arrested. Although the facts clearly establishing his guilt of the offense charged are for the most part undisputed, defendant bases this appeal upon wild and scurrilous charges of bias on the part of Judge Gibson [1] and of a pervasive conspiracy among officials to retaliate against defendant and his wife for their political and journalistic activities.

---

[1] A suggestion below for the disqualification of the judge for bias was never proceeded with in legal form, though that was pointed out at the time; though now attempted to be renewed, nothing in the record remotely supports it.

■ The record discloses that Judge Gibson was at all times scrupulously fair in the conduct of this case and the case against defendant's wife decided herewith. That this former apparently respected town official should become so far seduced by his own fanaticism and that of his wife as to think himself justified in this flagrant defiance of lawful authority is unfortunate, if not rationally inexplicable. We cannot, however, regard his apparent conviction of his own extreme patriotism or his entirely unsubstantiated allegations of persecution as constituting any justification for the conduct here charged and proven.

Affirmed.