**Burl Melton HOWZE, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 16378.**

United States Court of Appeals Ninth Circuit.

Nov. 19, 1959.

Rehearing Denied Dec. 28, 1959.

J. B. Tietz, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Robert D. Hornbaker and Robert John Jen-

sen, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before STEPHENS, ORR and MARTIN, Circuit Judges.

STEPHENS, Circuit Judge.

The appellant has been convicted of failing to remain in employment after he was assigned civilian work upon being classified I–O (conscientious objector) by his local draft board. Title 50 U.S.C.A. Appendix, § 462. He appeals his conviction on three grounds: That he should have been classified II–C (essential farm worker); that the proof did not conform to the charge; and, that the order of the Draft Board to perform civilian labor was unconstitutional.

A II–C classification is authorized when the registrant is engaged in producing a substantial quantity of agricultural commodities necessary for the national health, safety or interest. 32 C.F.R. § 1622.24(a). This is measured

"\* \* \* in terms of the average annual production per farm worker which is marketed from a local average farm of the type under consideration. The production of agricultural commodities for consumption by the worker and his family, or traded for subsistence purposes, should not be considered as production for market. \* \* \* " 32 C. F.R. § 1622.24(b).

A registrant is deemed engaged in activity which is necessary for the national health, safety or interest only when

"(1) The registrant is, or but for a seasonal or temporary interruption would be, engaged in such activity.

"(2) The registrant cannot be replaced because of a shortage of persons with his qualifications or skill in such activity.

"(3) The removal of the registrant would cause a material loss of effectiveness in such activity." 32 C.F.R. § 1622.23(a).

The information given by the appellant in his Selective Service Questionnaire showed that he had been raised on the family farm; that he was an unpaid worker partly responsible for the farm's operation; that he worked about forty hours a week, doing "various farm work," under his father's supervision; that the principal crops were cotton (77 acres) and alfalfa (22 acres); that there were fifteen head of cattle on the farm, thirteen hogs, and four horses; that the value of the farm products sold the previous year had been $15,000; and that there were "about three" year round workers on the farm, none of whom were hired hands. He also submitted an affidavit from his father, which stated that

"Burl Melton Howze lives with me on the farm and by taking certain responsibilities regularly, aids a great deal in making a living for the family and I consider him a real need due to the fact that my health is quite poor. Due to having a family of 7 and all the children being in school except Burl Melton Howze his need should be readily recognized. Considering the circumstances I ask that the draft board exempt him in the interest of allowing a just and needed work to continue. \* \* \* "

It is apparent that the facts submitted by the registrant did not make out a prima facie case for a classification of essential farm worker. And the record does not show that any hearing was ever requested, or appeal taken. This court is therefore in no position to say that the denial of a II–C classification was erroneous.

In lieu of military service, and because of his conscientious scruples, the appellant was ordered to report to the Los Angeles County Department of Charities for civilian work. Although he reported as ordered, he refused to accept any duties. The indictment charged that after reporting for work, he

"\* \* \* knowingly failed and neglected to perform a duty required of him under the Universal Military Service and Training Act and the

regulations promulgated thereunder in that he failed and neglected to remain in employment for twenty-four (24) consecutive months or until such time as released or transferred by proper authority."

The claim that there is a variance between proof and indictment is without merit.

The appellant also urges that the Thirteenth Amendment to the Constitution prohibits a civilian labor draft in peacetime, absent a national emergency. He mis-states the case. Compulsory civilian labor does not stand alone, but is the alternative to compulsory military service. It is not a punishment, but is instead a means for preserving discipline and morale in the armed forces. The power of Congress to raise armies, and to take effective measures to preserve their efficiency, is not limited by either the Thirteenth Amendment, or the absence of a military emergency. See e. g., United States v. Hoepker, 7 Cir., 223 F.2d 921, certiorari denied 350 U.S. 841, 76 S.Ct. 81, 100 L.Ed. 750.

The conviction is affirmed.