**UNITED STATES of America,**
Appellee,

v.

**John Nelson HOGANS, Appellant.**

No. 170, Docket 30715.

United States Court of Appeals
Second Circuit.

Argued Nov. 4, 1966.

Decided Nov. 28, 1966.

Jerome C. Ditore, Asst. U. S. Atty., Eastern Dist. of New York (Joseph P. Hoey, U. S. Atty., Eastern Dist. of New York, on the brief), for appellee.

Conrad J. Lynn, New York City, for appellant.

Before FRIENDLY, SMITH and FEINBERG, Circuit Judges.

PER CURIAM:

John Nelson Hogans appeals from a judgment of conviction and sentence to three and one half years imprisonment, entered in the United States District Court for the Eastern District of New York, John R. Bartels, Judge, after jury trial, for violation of the Universal Military Training and Service Act, 50 U.S.C. App. §§ 456(j), 462(a). We find no error and affirm the judgment.

Appellant was classified I-A by Local Board No. 62 on February 6, 1962 and was ordered to report for a physical examination on January 2, 1964. He was certified as fully acceptable for service on January 17, 1964. On January 28, 1964 appellant requested a IV-D classification on the grounds that he was a Jehovah's Witness and had been a full-time minister since September 1963. On Selective Service Form No. 54, submitted February 7, 1964, appellant stated the nature of his religious activities and secular work and earnings. Upon request, appellant submitted a copy of a certificate of appointment as a "Pioneer" but failed to comply with other requests to furnish copies of certificates of other appointments.

On February 19, 1964 the Local Board mailed appellant a notice of I-O classification which also informed him of his right to appeal. Appellant failed to take an appeal. On June 18, 1964 appellant informed the Board that he was no longer a Pioneer because he could not work full-time and act as a Pioneer. On July 7,

1964 the Board voted not to re-open the classification. That same day, the Board informed appellant that he was subject to being processed for civilian work in lieu of military service. On November 17, 1964 appellant met with the Board and informed it that the dictates of his religion prevented him from performing civilian work. On January 5, 1965 appellant was ordered to report to his Local Board on January 18, 1965 where he was to receive instructions to proceed to civilian work at the Kings Park State Hospital. Appellant reported to the Board on the appointed day but refused to proceed to Kings Park. Subsequently, appellant was indicted and the conviction appealed from ensued. Appellant does not contest that he failed to report for alternative service.

The sole issue presented to the jury was whether Hogans willfully failed to report for civilian work, and the verdict of guilty was amply justified by the evidence.

Since appellant does not allege that the local board acted contrary to the laws which regulate its procedures and delimit the scope of its authority, see Dickinson v. United States, 346 U.S. 389, 74 S.Ct. 152, 98 L.Ed. 132 (1953), he is precluded—quite apart from his failure to exhaust administrative remedies— from attacking the correctness of his classification as a defense in his criminal prosecution if the classification had a "basis in fact." Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567 (1946). This, as held in Cox v. United States, 332 U.S. 442, 452–453, 68 S.Ct. 115, 92 L.Ed. 59 (1947), is a question for the judge. Here Judge Bartels held there was a basis in fact for the Board's refusing to classify Hogans as a minister, and we agree with that holding.

Hogans' other contentions are without merit. The Congressional power to provide for the draft does not depend upon the existence of a war or national emergency, but stems also from the Constitutional power to raise and support armies and to provide and maintain a navy. United States v. Henderson, 180 F.2d 711 (7th Cir. 1950). Accord, Etcheverry v. United States, 320 F.2d 873 (9th Cir.), cert. denied 375 U.S. 930, 84 S.Ct. 331, 11 L.Ed.2d 263 (1963); United States v. Bolton, 192 F.2d 805 (2d Cir. 1951) (per curiam).

 The courts will not examine the purposes for which the executive employs the armed forces in foreign military operations. United States v. Bolton, supra.

The judgment is affirmed.