**UNITED STATES of America,
Appellee,**

v.

**David Henry MITCHELL, III, Defendant-Appellant.**

**No. 63, Docket 30521.**

United States Court of Appeals
Second Circuit.

Argued Nov. 7, 1966.

Decided Dec. 5, 1966.

Jon O. Newman, U. S. Atty., for D. of Connecticut, Hartford, Conn., for appellee.

Mark Lane, New York City, for defendant-appellant.

Before LUMBARD, Chief Judge, and MEDINA and KAUFMAN, Circuit Judges.

MEDINA, Circuit Judge.

David Henry Mitchell, III appeals from a conviction, after a trial to Judge Clarie and a jury, of wilful failure to report for induction into the Armed Forces in violation of 50 U.S.C., Appx., Section 462.

After initially registering with Selective Service Local Board 17, appellant

"disaffiliated" himself from the Selective Service and thereafter refused to cooperate with his Board in any respect. In August, 1964, appellant was classified 1A and did not appeal. Subsequently, he was ordered to report for induction on January 11, 1965. Appellant acknowledged receipt of this notice by letter but did not report as ordered.

Appellant was indicted for violation of 50 U.S.C., Appx., Section 462, tried and found guilty. This Court reversed the first conviction because the trial judge had failed to allow sufficient time for appellant to obtain counsel. United States v. Mitchell, 354 F.2d 767 (2 Cir. 1966). He was retried before Judge Clarie and a jury. The wilfulness of his failure to report for induction was all too apparent, and he was again convicted and sentenced to five years imprisonment. At trial appellant made no claim to be a conscientious objector but sought to produce evidence to show that the war in Vietnam was being conducted in violation of various treaties to which the United States is a signatory and that the Selective Service system was being operated as an adjunct of this military effort. Judge Clarie ruled out all such evidence as immaterial and this ruling is assigned as error.

The government, citing a line of cases beginning with Falbo v. United States, 320 U.S. 549, 64 S.Ct. 346, 88 L.Ed. 305 (1944), would preclude consideration of appellant's claims because of his failure to exhaust his administrative remedies. But, as appellant does not seek any relief which the Selective Service is empowered to grant, we will assume these cases are not in point. Rather, he seeks a declaration, in effect, that the Service must cease to function. It would be pointless in this case to require appellant to press his claims before a Board which he claims is illegal.

Similarly, as appellant asserts that the Selective Service, and not merely the conduct of the war in Vietnam, is illegal, his defenses would seem not to be premature.

Nevertheless, appellant's allegations are not a defense to a prosecution for failure to report for induction into the Armed Forces and his evidence was properly excluded. Regardless of the proof that appellant might present to demonstrate the correlation between the Selective Service and our nation's efforts in Vietnam, as a matter of law the congressional power "to raise and support armies" and "to provide and maintain a navy" is a matter quite distinct from the use which the Executive makes of those who have been found qualified and who have been inducted into the Armed Forces. Whatever action the President may order, or the Congress sanction, cannot impair this constitutional power of the Congress.

Thus we need not consider whether the substantive issues raised by appellant can ever be appropriate for judicial determination. See United States v. Hogans, 2 Cir., 369 F.2d 359, decided by this Court on November 28, 1966.

Affirmed.