No. 1012. MITCHELL *v.* UNITED STATES. C. A. 2d Cir. Certiorari denied. *Robert L. Bobrick* for petitioner. *Solicitor General Marshall, Assistant Attorney General Vinson* and *Beatrice Rosenberg* for the United States.

MR. JUSTICE DOUGLAS, dissenting.

Petitioner did not report for induction as ordered, was indicted, convicted, and sentenced to five years' imprisonment and his conviction was affirmed. 369 F. 2d 323. His defense was that the "war" in Vietnam was being conducted in violation of various treaties to which we were a signatory, especially the Treaty of London of August 8, 1945, 59 Stat. 1544, which in Article 6 (a) declares that "waging of a war of aggression" is a "crime against peace" imposing "individual responsibility." Article 8 provides:

> "The fact that the Defendant acted pursuant to order of his Government or of a superior shall not free him from responsibility, but may be considered in mitigation of punishment if the Tribunal determines that justice so requires."

Petitioner claimed that the "war" in Vietnam was a "war of aggression" within the meaning of the Treaty of London and that Article 8 makes him responsible for participating in it even though he is ordered to do so.*

Mr. Justice Jackson, the United States prosecutor at Nuremberg, stated: "If certain acts in violation of treaties are crimes, they are crimes whether the United States does them or whether Germany does them, and we are not prepared to lay down a rule of criminal conduct against others which we would not be willing to have invoked against us." (International Conference on Military Trials, Dept. of State Pub. No. 3080, p. 330.)

Article VI, cl. 2, of the Constitution states that "Treaties" are a part of the "supreme Law of the Land; and the Judges in every State shall be bound thereby."

There is a considerable body of opinion that our actions in Vietnam constitute the waging of an aggressive "war."

This case presents the questions:

(1) whether the Treaty of London is a treaty within the meaning of Art. VI, cl. 2;

(2) whether the question as to the waging of an aggressive "war" is in the context of this criminal prosecution a justiciable question;

(3) whether the Vietnam episode is a "war" in the sense of the Treaty;

(4) whether petitioner has standing to raise the question;

(5) whether, if he has, the Treaty may be tendered as a defense in this criminal case or in amelioration of the punishment.

These are extremely sensitive and delicate questions. But they should, I think, be answered. Even those who

---

*The trial court charged the jury that the Treaty of London did not interfere "in any manner in respect to this defendant fulfilling his duty under this order."

think that the Nuremberg judgments were unconstitutional by our guarantee relating to *ex post facto* laws would have to take a different view of the Treaty of London that purports to lay down a standard of future conduct for all the signatories.

I intimate no opinion on the merits. But I think the petition for certiorari should be granted. We have here a recurring question in present-day Selective Service cases.