**UNITED STATES of America,
Appellee,**

v.

**Richard CHANDLER, Appellant.**

**No. 12273.**

United States Court of Appeals
Fourth Circuit.

Oct. 10, 1968.

Richard Chandler on briefs for the appellant.

Before BOREMAN, WINTER and CRAVEN, Circuit Judges.

PER CURIAM:

On December 6, 1967, Richard Chandler was indicted on a charge of failing to report for and submit to induction into the Armed Forces of the United States, pursuant to the order of his Local Draft Board, in violation of Title 50 App.U.S.C. § 462. Upon arraignment he refused representation by counsel and entered a plea of not guilty.

One month later the case came on for trial before the district court, sitting without a jury. Again Chandler elected to proceed without counsel. He was found guilty as charged and was sentenced to imprisonment for a term of four and one-half years.

The only question raised by Chandler at trial was with respect to the constitutionality of applicable law.[1] He there contended that the law is unconstitutional and, therefore, void because it sanctions involuntary servitude contrary to the Thirteenth Amendment to the Constitution of the United States. The same and sole question is presented by Chandler, pro se, on this appeal. He has filed a one-page "brief" in which he alleges error of the court below "in refusing to uphold the 13th Amendment to the U. S. Constitution."

Pursuant to Rule 27 of the Federal Rules of Appellate Procedure and Rule 7(b) of the Rules of this court, the Government has filed a motion to dismiss the appeal on the ground that it is frivolous. In the alternative the Government moves for summary affirmance of the judgment below but in either event without allowing oral argument. In addition the Government has filed its brief as required by the Rules. No response in opposition to the motion has been filed.

---

1. Military Selective Service Act of 1967 (Title 50 App.U.S.C. § 451 et seq.) Pertinent here is § 462(a).

**532**

The Federal military service draft laws have been attacked frequently over the years as being in contravention of the Thirteenth Amendment's prohibition of slavery and involuntary servitude, but such attacks have proved uniformly unsuccessful. Fifty years ago, in the Selective Draft Law Cases, 245 U.S. 366, 38 S.Ct. 159, 62 L.Ed. 349 (1918), the Supreme Court of the United States upheld the Selective Draft Law of 1917 in the face of several contentions of unconstitutionality, one of which was that the act provided for the imposition of involuntary servitude in violation of the Thirteenth Amendment. The Court declared that the authority of Congress to enact the Selective Draft Law of 1917 was to be found in the clauses of Article I, § 8, of the Constitution which give Congress power "to declare war; * * * to raise and support armies, but no appropriation of money to that use shall be for a longer term than two years; * * * to make rules for the government and regulation of the land and naval forces." Continuing, the Court stated:

."* * *. And of course the powers conferred by these provisions like all

other powers given carry with them as provided by the Constitution the authority 'to make all laws which shall be necessary and proper for carrying into execution the foregoing powers.' Article I, § 8.

"As the mind cannot conceive an army without the men to compose it, on the face of the Constitution the objection that it does not give power to provide for such men would seem to be too frivolous for further notice." 245 U.S. at 377, 38 S.Ct. at 161.

The Supreme Court, having once determined in the *Selective Draft Law Cases* that legislation providing for conscription does not contravene the Thirteenth Amendment, has not seen fit to re-examine this conclusion. The same contention as made here by Chandler has been presented many times to various Courts of Appeal but without success.[2] Some litigants have claimed that the Thirteenth Amendment prohibits *peacetime* use of conscription. The courts have ruled, however, that the power of Congress to raise armies by conscription is not limited by either the Thirteenth Amendment or the absence of a military emergency.[3]

2. See, for example, Heflin v. Sanford, 142 F.2d 798, 799 (5 Cir. 1944), where the court stated that:
    * * * the Thirteenth Amendment has no application to a call for service made by one's government according to law to meet a public need, just as a call for money in such a case is taxation and not confiscation of property.
See also United States v. Hoepker, 223 F.2d 921, 923 (7 Cir. 1955), cert. denied, 350 U.S. 841, 76 S.Ct. 81, 100 L.Ed. 750 (1955); Atherton v. United States, 176 F.2d 835, 840 (9 Cir. 1949), cert. denied, 338 U.S. 938, 70 S.Ct. 338, 94 L.Ed. 578 (1950); Wolfe v. United States, 149 F.2d 391, 393 (6 Cir. 1945); Kramer v. United States, 147 F.2d 756, 759 (6 Cir. 1945), cert. denied, 324 U.S. 878, 65 S.Ct. 1026, 89 L.Ed. 1429 (1945); Roodenko v. United States, 147 F.2d 752 (10 Cir. 1944), cert. denied, 324 U.S. 860, 65 S.Ct. 867, 89 L.Ed. 1418 (1945); United States v. Mroz, 136 F.2d 221, 223–225 (7 Cir. 1943), app. dism. 320 U.S. 805, 64 S.Ct. 23, 88 L.Ed. 487 (1943); Commers v. United States, 66

F.Supp. 943, 948 (D.Montana 1946), aff'd 159 F.2d 248 (9 Cir. 1947), cert. denied, 331 U.S. 807, 67 S.Ct. 1189, 91 L.Ed. 1828 (1947); United States v. Ryals, 56 F.Supp. 772, 773 (N.D.Ga. 1944).

3. United States v. Holmes, 387 F.2d 781, 784 (7 Cir. 1968), cert. denied, 391 U.S. 936, 88 S.Ct. 1835, 20 L.Ed.2d 856 (1968); United States v. Hogans, 369 F.2d 359, 360 (2 Cir. 1966); Howze v. United States, 272 F.2d 146, 148 (9 Cir. 1959); Bertelsen v. Cooney, 213 F.2d 275, 277 (5 Cir. 1954), cert. denied, 348 U.S. 856, 75 S.Ct. 81, 99 L.Ed. 674 (1954). See also United States v. Bolton, 192 F.2d 805, 806 (2 Cir. 1951) (denial of contention that statute was unconstitutional because men were being drafted to serve in Korea without any declaration of war); Richter v. United States, 181 F.2d 591, 593 (9 Cir. 1950) ("In the present phase of history, marked by wars undeclared under the law of nations, a failure to register manpower of the country would be a failure to provide for the common defense.").

The trial judge strictly adhered to the principle as recognized by the courts and as stated in United States v. Bolton, 192 F.2d 805 (2 Cir. 1951), as follows:

"If the constitutionality of a statute requiring compulsory military service is to be reconsidered, such reconsideration should be by the Supreme Court; we shall not presume to do so." 192 F.2d at 806.

Chandler has not provided this court with any new line of reasoning to support his contention which has been so often rejected. He does not point to any authoritative constitutional interpretation to substantiate his contention. His "brief," consisting of two short paragraphs on one page, contains a general statement concerning the cases relied upon by the trial judge. As pointed out by the Government, this lack of effort evidenced by Chandler's brief reflects the lack of seriousness with which he pursues his appeal.

In United States v. Gregg, 393 F.2d 722, 723 (4 Cir. 1968), we made it clear that the Government is free to file, *before argument*, a motion to dismiss an appeal as frivolous and invited the Government to call to our attention, prior to the time set for argument, those criminal appeals which appear to be frivolous on their face and present no question worthy of debate. In view of the unbroken observance for fifty years of the Supreme Court's disposition of the contention similar to the one presented here, this court will dispose of the instant appeal as without merit and obviously frivolous. We deem oral argument unnecessary. The appeal will be dismissed and the judgment below will be

Affirmed.

CRAVEN, Circuit Judge:

I concur specially because of the possibility, perhaps remote, that the very thorough opinion of the court may be read erroneously to offer partial answers to difficult peripheral problems not presented by this appeal. The question of the power of the executive to wage undeclared war is a political question which does not yield readily to judicial solution nor is it presented on this appeal.

We hold only that compulsory military service under the Military Selective Service Act of 1967 is not the sort of involuntary servitude forbidden by the 13th Amendment. I agree that appellant's contention to the contrary ignores the history and purpose of the Amendment and is wholly without merit. I also agree the case is an appropriate one for summary affirmance.