**UNITED STATES of America,
Appellee,**

v.

**Guy Porter GILLETTE, Appellant.**

**No. 359, Docket 34021.**

United States Court of Appeals
Second Circuit.

Argued Dec. 11, 1969.

Decided Jan. 9, 1970.

Conrad J. Lynn, New York City, for appellant.

Harold F. McGuire, Jr., Asst. U. S. Atty., New York City (Robert M. Morgenthau, U. S. Atty. for the Southern District of New York, New York City, and Peter F. Rient, Asst. U. S. Atty., New York City, of counsel), for appellee.

Before MOORE and KAUFMAN, Circuit Judges, and RYAN,* District Judge.

PER CURIAM:

Guy Porter Gillette was ordered to report for induction into the armed forces on December 14, 1967. He failed to report as ordered and did not submit to induction. At his trial for violation of

---

* Of the Southern District of New York, sitting by designation.

50 U.S.C. App. § 462 (Supp. IV, 1965–68) his sole defense was that he should have been classified as a conscientious objector. He based his attack on the validity of his I–A classification not on any procedural irregularity but on a contention that the provision of the Military Selective Service Act of 1967 which allows exemption for conscientious objectors[1] is unconstitutional as applied to him. At a pre-trial hearing, Judge Wyatt ruled that evidence as to Gillette's belief that American intervention in Vietnam was unconstitutional, illegal or immoral would be inadmissible. Finding the induction order to be valid, Judge Wyatt limited the jury trial to the issue of whether Gillette's failure to report was knowing and willful.

Evidence derived from Gillette's selective service file and from his testimony before Judge Wyatt reveals that Gillette's beliefs were based on humanism and were specifically directed against the war in Vietnam. His position seems to include a willingness to defend his homeland if it were attacked and to fight to enforce a United Nations decision against a country accused of breaking the peace. Judge Wyatt found that Gillette's views were based "on an opinion, a feeling, a belief that the Vietnam war is immoral and unjust" and that the draft board could properly conclude that "those views did not meet the standards laid down by Congress for determining a conscientious objector." He expressly refused to rule that the board had denied the request for exemption because Gillette's views were non-religious.

"The constitutional power of Congress to raise and support armies and to make all laws necessary and proper to that end is broad and sweeping." United States v. O'Brien, 391 U.S. 367, 377, 88 S.Ct. 1673, 1679, 20 L.Ed.2d 672 (1968); Lichter v. United States, 334 U.S. 742, 755–758, 68 S.Ct. 1294, 92 L.Ed. 1694 (1948); Selective Draft Law Cases, 245 U.S. 366, 38 S.Ct. 159, 62 L.Ed. 349 (1918). The exercise of this power to conscript and train men does not depend on the contemporaneous existence of a war. It may be exercised in time of peace. United States v. Henderson, 180 F.2d 711, 713 (7th Cir. 1950). We reaffirm our holdings in United States v. Mitchell, 369 F.2d 323 (2d Cir. 1966) and United States v. Bolton, 192 F.2d 805 (2d Cir. 1951) that allegations that a particular employment of the armed services is in violation of the Constitution, international treaties or a moral code do not raise a defense to a prosecution for failure to report for induction into the armed forces. For these reasons Gillette cannot successfully challenge the legality of the war in Vietnam in these proceedings.

The contention that the conscientious objector provision of the Military Selective Service Act of 1967, 50 U.S.C. App. § 456(j), is unconstitutional as applied in this case is based on the recent decision of Judge Wyzanski in United States v. Sisson, 297 F.Supp. 902 (D.Mass.1969), prob. juris. noted, 396 U.S. 812, 90 S.Ct. 92, 24 L.Ed.2d 65 (U.S. Oct. 14, 1969) (No. 305). The future effect of that decision upon the application of the Act to so-called "selective" conscientious objectors and "non-religious" conscientious objectors must await a determination by the Supreme Court. In this connection we note that there was no finding below as to whether Gillette's views were "by reason of religious training and belief" or were "essentially political, sociological, or philosophical." Even assuming that his views were "religious" as that word is construed to insure the constitutionality

1. 50 U.S.C.App. § 456(j) (Supp. IV, 1965–68) provides:

"Nothing contained in this title shall be construed to require any person to be subject to combatant training and service in the armed forces of the United States who, by reason of religious training and belief, is conscientiously opposed to participation in war in any form. As used in this subsection, the term 'religious training and belief' does not include essentially political, sociological, or philosophical views, or a merely personal moral code."

of the Act, the Act requires opposition "to participation in war in any form." To exact such a prerequisite for exemption from induction into the armed forces is not to overstep the powers granted to Congress to raise and support armies. The mere potentiality, arising upon his induction, that Gillette would have to violate his conscientious objection to service in Vietnam is not sufficient to outweigh the application of this exercise of Congressional power to him. See United States v. Henderson, *supra*; United States v. Bolton, *supra. Contra,* United States v. Sisson, *supra,* 297 F. Supp. at 906–911.

Gillette also asserts that there was error below in the refusal to allow him to explain his reasons for not appearing for induction to the jury and in the denial of his motion to dismiss for failure to prove a prima facie case. We find no merit in these contentions.

The conviction is affirmed.