**Daniel Alland SIEBENS**

v.

**COMMANDING GENERAL, Headquarters, U. S. Army Training Center, Infantry In Fort Polk, Fort Polk, Louisiana.**

Civ. A. No. 15924.

United States District Court,
W. D. Louisiana,
Alexandria Division.

Oct. 29, 1970.

James J. Cox, Lake Charles, La., for petitioner.

Gerald M. Brown, Major, JAGC, Deputy Staff Judge Advocate, R. Perry Pringle, Asst. U. S. Atty., Western District of Louisiana, for defendant.

NAUMAN S. SCOTT, District Judge:

Petitioner seeks habeas relief alleging that the United States Army has unconstitutionally denied him a discharge.

On June 24, 1969 Petitioner was inducted into the U. S. Army. He completed basic combat training and advanced individual training as an Infantry Indirect Fire Crewman. On October 22, 1969 orders were published assigning Petitioner to the Overseas Replacement Station, Oakland, California, with further assignments to Vietnam. These orders were subsequently amended and new orders dated March 6, 1970 were issued transferring Private Siebens to Vietnam. However, on March 21, 1970 Petitioner submitted his initial application for discharge as a conscientious objector and his overseas assignment orders were again revoked. This initial application was forwarded pursuant to Army Regulation 635–20 and disapproved on May 25, 1970, by a Department of Army Conscientious Objector Review Board. Petitioner then initiated a second request for discharge on June 16, 1970, which was denied July 24, 1970.

The scope of review in draft board cases is a very limited one. It has been called the "narrowest known to the law". Robertson v. United States, 417 F.2d 440 (5 Cir. 1969). The courts are not to substitute their judgment for that of the draft board nor are they to determine what weight should be given to the evidence presented. Their role is merely to determine from the record whether the board had a "basis in fact" for its findings. Speer v. Hedrick, 419 F.2d 804 (9 Cir. 1969) makes it clear that this is the same test to apply to in-service board determinations.

Section 6(j) of the Universal Military Training and Service Act, 50 U.S.C. Appendix 456(j) exempts from combatant training and service in the armed forces of the United States those persons who by reason of religious training and belief are conscientiously opposed to participation in "war in any form".

The Army Department Conscientious Objector Board based its denial of Private Siebens' application on its finding that he was not opposed to "war in any form" as required by the regulation but that he was opposed specifically to the present war in Vietnam. Therefore, it is only this portion of the regulation which is of concern to this court.

This court finds ample evidence in the record to support the board's conclusion. Indicative of such evidence is the Petitioner's own affidavit which reflects such ideas as:

"I do not believe that the present conflict is a necessity and for this reason I request discharge rather than a change in MOS."

"My participation in the present war, believing as I do that *it* is wrong, or perhaps more precisely as I am aware of the extremely complex nature of the problem, that any connections between *our current involvement* and any real moral rationales for it are at best tenuous in the extreme is obviously untenable." (Emphasis ours).

Petitioner has cited United States v. Sisson, 297 F.Supp. 902, (D.Mass.1969) in support of his petition. In that case the court concluded that the government could not constitutionally convict, for refusing induction, a person who is conscientiously opposed to American military activities in Vietnam.

This court joins other courts in refusing to accept the proposition that a person may select which wars he will fight in and be consistently opposed to "war in any form". See United States v. Gillette, (2 Cir. Jan. 9, 1970), 420 F.2d 298; Negre v. Larsen, 418 F.2d 908 (9 Cir. 1969).

Accordingly, the petition of Daniel A. Siebens for a writ of habeas corpus is denied and judgment is entered accordingly.