**UNITED STATES of America**
v.
**William Alan TOWNSEND.**
**Crim. No. 71–45.**

United States District Court,
E. D. Pennsylvania.
Dec. 27, 1971.

Richard M. Meltzer, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Steven A. Cotlar, Doylestown, Pa., for defendant.

## OPINION

LUONGO, District Judge.

After trial by jury, William Alan Townsend was convicted of wilful failure to comply with a lawful order to submit to induction into the Armed Forces of the United States, in violation of 50 U.S.C.App. § 462. He has filed a motion for new trial, charging that the court erred (1) in refusing, on the court's own motion, to receive Townsend's evidence of conscientious objector beliefs, and (2) in refusing to instruct the jury that it should return a verdict of not guilty if it found that Townsend was denied a forum in which to claim conscientious objector status.

The evidence was largely undisputed. Townsend registered with his Local Board on November 7, 1966. In February 1967 he applied for, and received, a 2A classification (student deferment). He remained in that classification until May 1970 when he was reclassified 1A. On June 3, 1970 Townsend filed a letter of appeal from the 1A classification without stating reasons. The Appeal Board affirmed the Local Board. Thereafter, on July 24, 1970, Townsend was mailed notice to report for induction on August 19, 1970. On the appointed day for induction, Townsend appeared at the induction center, but refused to step forward for induction, instead he handed to the officer in charge a written statement of his conscientious objector beliefs. At no time prior to the date of induction had Townsend ever indicated to his Local Board that he was, or had become, a conscientious objector. Townsend testified at trial to the effect that his views had crystalized during the summer of 1968. He testified further that he had made no claim of conscientious objector status to the Selective Service System because he believed that he would not have qualified under the then prevailing standard since his views were based on ethical and moral concepts rather than on teachings of an organized religion.

The two grounds asserted by Townsend in support of the motion for new trial are interrelated. For the first ground, he complains that the court acted as an advocate and committed prejudicial error by refusing, in the absence of objection by the government, to receive evidence as to the time when Townsend became aware that his views qualified for conscientious objector sta-

tus. For the second ground, he urges that the court erred in refusing to charge the jury that it could find Townsend not guilty if he was denied a forum in which to claim conscientious objector status.

■ Concerning the first ground, the transcript of the trial proceedings reveals that the government did object to all testimony relating to Townsend's CO beliefs as irrelevant (see N. T. pp. 28–31; 36; 46–47), but even if the court had refused to receive such evidence on its own motion,[1] it would have been within the court's power to do so in order to confine the evidence to relevant factual issues properly to be considered by the jury. See generally United States v. Penner, 425 F.2d 729 (5th Cir. 1970); Bernstein v. United States, 234 F.2d 475 (5th Cir.), cert. denied, 352 U. S. 915, 77 S.Ct. 213, 1 L.Ed.2d 122 (1956), reh. denied, 352 U.S. 977, 77 S. Ct. 351, 1 L.Ed.2d 330 (1957). To paraphrase United States v. El, 443 F.2d 925 (3d Cir. 1971), since Townsend had

"never presented a claim for exemption based on conscientious opposition to war to his local board and [since he] raised the matter for the first time at the induction center, [he was] foreclosed from raising any defense of erroneous classification at his criminal trial. Ehlert v. United States, 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625 (1971); McGee v. United States, 402 U.S. 479, 91 S.Ct. 1565, 29 L.Ed.2d 47 (1971)."

Even if, in fact, no objection had been made by the government it would, therefore, have been clearly proper to refuse to receive the proffered evidence.

■ What has been said concerning the first ground for new trial also disposes of the second. The Supreme Court has squarely ruled that refusal of a local board to reopen a registrant's classification and to rule upon a conscientious objector claim made after mailing of induction notice, but before induction, is not ground for attack on the validity of his classification in a criminal prosecution, since there is opportunity for in-service determination of late blooming beliefs. Ehlert v. United States, 402 U.S. 99, 91 S.Ct. 1319, 28 L. Ed.2d 625 (1971). It would appear clear that the same principle must be applied in a case such as this, where the registrant made no attempt whatsoever to present the conscientious objector claim to his local board for earlier crystalizing beliefs because he did not believe that he qualified for such status under then prevailing standards. See United States v. Tonucci, Criminal No. 70–605 (E.D.Pa. Nov. 16, 1971) (Lord, III, J.)

■■ One further ruling, not raised in the motion for new trial, requires comment. At the beginning of the trial, defendant submitted an affidavit of personal bias and prejudice, seeking disqualification of the trial judge. The facts asserted were that at a conference at which defendant's counsel attempted to discuss a plea bargain the trial judge informed counsel that the sentence would be the same whether defendant entered a plea or was found guilty after trial, and that the trial judge stated that he sentences all selective service violators to thirty months in prison if they are "good people." The affidavit was ruled inadequate on its face. Judicial rulings do not afford a basis for a charge of bias and prejudice. There is an adequate remedy by appellate procedures. Ex parte American Steel Barrel Co., 230 U.S. 35, 33 S.Ct. 1007, 57 L.Ed. 1379 (1913); see Simmons v. United States, 302 F.2d 71 (3d Cir. 1962).

---

1. The motion for new trial was filed without benefit of transcript. Counsel may understandably have confused the matter complained of with an instance when the court did note (although there had been no objection by the government) that it "would sustain an objection on the ground of relevance" to a question posed to defendant by his attorney asking him if he thought he had been successful in his job as a resident counsellor to retarded children (N.T. 42).

The motion for new trial will be denied. The defendant will appear for sentencing on a date to be fixed by the court.