UNITED STATES of America

v.

Edward J. KIRSCHKE, Jr., a/k/a
Edward J. Kirsch, Jr.

Crim. No. 70–78.

United States District Court,
E. D. Pennsylvania.

Feb. 22, 1972.

L. C. Bechtle, U. S. Atty., Philadelphia, Pa., for plaintiff.

Robert Rosenblum, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

On April 14, 1969, defendant refused to comply with an order to report for induction into the armed forces, and was subsequently indicted for refusing to perform a duty required of him by the Military Selective Service Act of 1967, 50 U.S.C. App. § 462. Before the Court are defendant's motions to dismiss the indictment and for a continuance to permit him to appeal his Selective Service classification.

### I.

Defendant moves to dismiss the indictment on two grounds. First, defendant argues that the Military Selective Service Act as applied to him violates his free exercise of religion under the First Amendment and the due process clause under the Fifth Amendment. Secondly, defendant argues the Military Selective Service Act as applied to the

induction of personnel, specifically defendant, into the armed forces who are sent to Viet Nam to fight in an undeclared war is unconstitutional in that it is an abridgement of executive and legislative power.

### A.

■ As to his First Amendment contention, defendant maintains that he did not apply for a conscientious objector exemption from his draft board because he believed that under the law applicable at that time, see United States v. Seeger, 380 U.S. 163, 85 S.Ct. 850, 13 L.Ed. 2d 733 (1965), he could not have established the requisite belief in a Supreme Being or God. Thus, defendant believed that his local board would have denied such a request and to apply for a conscientious objector classification would have been futile.

It is unnecessary for us to consider the extent to which *Seeger* was modified by the Supreme Court's decision in Welsh v. United States, 398 U.S. 333, 90 S.Ct. 1792, 26 L.Ed.2d 308 (1970), under which defendant now believes he would qualify for a conscientious objector classification. We conclude that we cannot consider defendant's argument because of his failure to exhaust his administrative remedies. McGee v. United States, 402 U.S. 479, 91 S.Ct. 1565, 29 L.Ed.2d 47 (1971); Ehlert v. United States, 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625 (1971); United States v. El, 443 F.2d 925 (3rd Cir. 1971); United States v. Thompson, 431 F.2d 1265 (3rd Cir. 1970). In United States v. Townsend, 335 F.Supp. 425, (E.D.Pa.1971) (Luongo, J.), the Court rejected an identical argument, holding:

"* * * It would appear clear that the same principle [that announced by the Supreme Court in Ehlert v. United States, 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625 (1971)] must be applied in a case such as this, where the registrant made no attempt whatsoever to present the conscientious objector claim to his local board

for earlier crystalizing beliefs because he did not believe that he qualified for such status under the prevailing standards. *See* United States v. Tonucci, Criminal No. 70–605 (E.D.Pa. November 16, 1971) (Lord, III, J.) "

If defendant had presented his conscientious objector claim to his local board, we could consider whether the board had, in fact, applied an erroneous standard in considering his claim. If defendant had submitted to induction, he would have been entitled to an in-service determination of his conscientious objector claim. We are, however, precluded from conjecturing on what his local board would have done, had defendant submitted his claim to them.

### B.

■ Secondly, defendant argues that the Viet Nam war is illegal and, therefore, that the Military Selective Service Act is unconstitutional as applied to him. We conclude that defendant lacks standing to raise this contention. The congressional power to provide for the draft does not depend upon the existence of a war or national emergency, but stems from the constitutional power to raise and support armies and to provide and maintain a navy. United States v. Hogans, 369 F.2d 359 (2d Cir. 1966); United States v. Henderson, 180 F.2d 711 (7th Cir. 1950). *Accord* Etcheverry v. United States, 320 F.2d 873 (9th Cir.), cert. denied, 375 U.S. 930, 84 S.Ct. 331, 11 L.Ed.2d 263 (1963); United States v. Bolton, 192 F.2d 805 (2nd Cir. 1951). Thus, in order to have requisite standing, in a criminal prosecution, to challenge the constitutionality of the Viet Nam War and the use of draftees in said war, the defendant must have received orders to go to Viet Nam. Ashton v. United States, 404 F.2d 95 (8th Cir. 1969); United States v. Bolton, 192 F.2d 805 (2d Cir. 1951).

Accordingly, defendant's motion to dismiss the indictment will be denied.

## II.

Defendant has also moved for a continuance to permit him to appeal his classification. Upon the issuance of a valid order to report for induction and a registrant's refusal to comply therewith, no further duty is imposed upon the Selective Service system to reopen a registrant's classification. Ehlert v. United States, *supra*; United States v. Powell, 449 F.2d 706 (3rd Cir. 1971); United States v. Noonan, 434 F.2d 582 (3rd Cir. 1970). Accordingly, defendant's motion for a continuance will be denied.