**UNITED STATES of America,
Appellee,**

v.

**Ronald Lynn MILLIGAN, Appellant.**

**UNITED STATES of America,
Appellee,**

v.

**Ralph Eugene MILLIGAN, Appellant.**

**No. 71–1452.**

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 18, 1972.

Decided April 4, 1972.

Addison M. Parker, Des Moines, Iowa, for appellants.

Allen L. Donielson, U. S. Atty., Des Moines, Iowa, for appellee.

Before MATTHES, Chief Judge, LAY and ROSS, Circuit Judges.

PER CURIAM.

This is a direct criminal appeal from convictions of Ronald and Ralph Milligan under 50 App. U.S.C. § 462, for failure to report for civilian employment as conscientious objectors. The Milligans are Jehovah Witnesses and claim that acceptance of alternative civilian employment is in violation of the tenets of their religion, and that the Government has failed to show a compelling reason for ordering them into such employment.

Appellants cite Sherbert v. Verner, 374 U.S. 398, 407, 83 S.Ct. 1790, 10 L.Ed.2d 965 (1963), for the proposition that there exists a burden of proof upon the Government to show that there is no less restrictive alternative, when a regulation impinges upon one's religious beliefs. The First Circuit, faced with the same argument in United States v. Boardman, 419 F.2d 110, 113 (1st Cir. 1969), cert. denied, 397 U.S. 991, 90 S. Ct. 1124, 25 L.Ed.2d 398 (1970), held that the court must defer to congressional judgment in this type of case.

> "Congress has deferred to the demands of conscience by requiring conscientious objectors to perform alternate service rather than submit to induction. Perhaps there are other ways in which Congress could have struck the balance between conscience and the needs of the Selective Service

System, but at some point courts must defer to the Congressional judgment concerning what is necessary and appropriate."

Such is the case here, and it is none the less so in the absence of a national emergency. Congress clearly has the power to provide for national welfare and preparedness during peacetime. Howze v. United States, 272 F.2d 146, 148 (9th Cir. 1959); United States v. Thorn, 317 F.Supp. 389, 392 (E.D.La. 1970). We agree with the statement of Judge Cassibry in United States v. Thorn, *supra,* at 392, where he stated:

> "Congress undoubtedly has power to provide for the national defense during times of war by requiring military service of all who are able-bodied. 'Certainly national defense and preparedness is accomplished by more than the strength of arms alone,' United States v. Niles, 122 F.Supp. 382, 384 (N.D.Calif.1954), aff'd at 220 F.2d 278, and the 'strength and vitality of a nation is measured by criteria broader than a numerical count of its men-at-arms.' United States v. Hoepker, 223 F.2d 921, 923 (7th Cir. 1955). I think Congress clearly has the correlative power to provide for the national welfare and preparedness during peacetime, Howze v. United States, 272 F.2d 146, 148 (9th Cir. 1959); a proper exercise of this power is found in the provision of the Selective Service Act providing for 'civilian work contributing to the maintenance of the national health, safety or interest' in lieu of induction into the armed forces, 50 U.S.C.App. § 456(j). The present absence of a military emergency or 'total war' does not obviate the ever-present need for military preparedness."

Certainly this deference to congressional judgment does nothing to derogate the sanctity of an individual's first amendment rights. "An individual has the right to determine and hold his own religious beliefs but, when they collide with the power of Congress, the latter prevails." Loewing v. United States,

392 F.2d 218, 219 (10th Cir.), cert. denied, 393 U.S. 878, 89 S.Ct. 177, 21 L. Ed.2d 150 (1968). Cf. Braunfeld v. Brown, 366 U.S. 599, 603, 81 S.Ct. 1144, 6 L.Ed.2d 563 (1961).

The judgment of conviction is affirmed for the reasons expressed in United States v. Boardman, *supra.*