John M. **MEDEIROS**
v.
**UNITED STATES of America.**
Steve **FISHMAN**
v.
**UNITED STATES of America.**
Civ. A. Nos. 68–239–C, 68–1122–C.

United States District Court
D. Massachusetts.
Dec. 11, 1968.

John M. Medeiros, pro se.

Steve Fishman, pro se.

Paul F. Markham, U. S. Atty., Harold Keohane, Asst. U. S. Atty., for the United States.

### OPINION

CAFFREY, District Judge.

The case of Medeiros v. United States came on for hearing on the basis of a motion to dismiss filed by the United States on the grounds that (1) plaintiff lacked standing to sue; (2) the case presented a non-justiciable political question; and (3) the case is one in which the United States has not consented to be sued. The motion was argued by plaintiff *pro se* and by counsel for the United States.

The plaintiff seeks a declaratory judgment to the effect that any law or laws establishing liability for service in a war "not authorized by Congress" is unconstitutional. He also seeks an injunction "against operation of the Tonkin Resolution" and/or the "Universal Military Training and Service Act" insofar as they operate to abridge his immunity to involuntary servitude. Another paper in the file suggests that plaintiff claims a right to a three-judge district court under 28 U.S.C.A. sec. 2284.

Plaintiff Medeiros stated in open court that he did not challenge the legality or constitutionality of the Selective Service Act but, rather, he contended that, being 25 years of age and classified 1-Y by his local Selective Service Board, he had standing to challenge the legality of the so-called Tonkin Resolution. He argued that because the war power is in the Congress, which as yet has not made a formal declaration of war in Vietnam, any order which he might receive for active military service as a result of the combined effect of the Tonkin Resolution and the Selective

**199**

Service Act would, in effect, cause him to enter into a state of involuntary servitude to the President of the United States, in violation of the Thirteenth Amendment.

■ I rule that the motion to dismiss must be allowed on all three grounds. Plaintiff lacks standing to raise the issue he seeks to raise. In Johnson v. Eisentrager, 339 U.S. 763, pp. 788–789, 70 S.Ct. 936, p. 949, 94 L.Ed. 1255 (1950), the Supreme Court observed in a dictum:

"The first of the enumerated powers of the President is that he shall be Commander-in-Chief of the Army and Navy of the United States. Art. II, § 2, Const. And, of course, grant of war power includes all that is necessary and proper for carrying these powers into execution.

"Certainly it is not the function of the Judiciary to entertain private litigation—even by a citizen—which challenges the legality, the wisdom, or the propriety of the Commander-in-Chief in sending our armed forces abroad or to any particular region."

Even if the plaintiff had standing to raise the issue he seeks to raise, any possibility that he might prevail on that issue was put to rest earlier this year by the opinion of the Supreme Court in United States v. O'Brien, 391 U.S. 367, at p. 377, 88 S.Ct. 1673, at p. 1679, 20 L.Ed.2d 672 (1968), where the Court observed:

"The constitutional power of Congress to raise and support armies and to make all laws necessary and proper to that end is broad and sweeping. * * The power of Congress to classify and conscript manpower for military service is 'beyond question.'"

To the same effect see United States v. Mitchell, 369 F.2d 323 (2nd Cir., 1966), where the Court ruled at p. 324:

"Regardless of the proof that appellant might present to demonstrate the correlation between the Selective Service and our nation's efforts in Vietnam, as a matter of law the congressional power 'to raise and support armies' and 'to provide and maintain a navy' is a matter quite distinct from the use which the Executive makes of those who have been found qualified and who have been inducted into the Armed Forces. Whatever action the President may order or the Congress sanction, cannot impair this constitutional power of the Congress."

■ That the second and third grounds of the Government's motion are valid reasons for dismissal of the complaint appears from the *per curiam* opinion of the Court of Appeals for the District of Columbia in Luftig v. Mac-Namara, 126 U.S.App.D.C. 4, 373 F.2d 664 (1967), where the Court said, at p. 665:

"The District Court *sua sponte* ordered dismissal of the complaint on the ground that the relief sought represented a claim for judicial review of political questions beyond its jurisdiction and that it was an uncontested suit against the United States.

"The District Court was, of course, eminently correct on both its primary and alternative grounds for dismissal; these propositions are so clear that no discussion or citation of authority is needed. The only purpose to be accomplished by saying this much on the subject is to make it clear to others comparably situated and similarly inclined that resort to the courts if futile, in addition to being wasteful of judicial time, for which there are urgent legitimate demands."

■ In view of the foregoing, I rule that the instant case does not present a substantial federal question of the type necessary to form a basis for convening a statutory three-judge district court. Offermann v. Nitkowski, 378 F.2d 22 (2nd Cir., 1967).

Because of the fact that at the hearing the Court was advised that the papers in the case of Steve Fishman v. United States were prepared and filed for Fishman by Medeiros, because of the substantial identity of the allegations of

the complaint in each case, the fact that Fishman recites in his complaint that he joins Medeiros in the complaint filed by him (Medeiros), and, finally, the fact that without objection the Court advised all parties at the hearing that the one ruling would decide both cases, it follows that the Court *sua sponte* dismisses the case of Fishman v. United States for the reasons recited herein re the *Medeiros* case.

An order will be entered dismissing both of these cases.