415 F.2d 236
 Lawrence R. VELVEL, on behalf of himself and all others similarly situated within the United States Judicial District of Kansas, Appellant,
v.
Richard M. NIXON, President; William Rogers, Secretary of State; and Melvin Laird, Secretary of Defense, Appellees.
 No. 158-68.
 United States Court of Appeals Tenth Circuit.
 August 11, 1969.
 
 Lawrence R. Velvel, Lawrence, Kansas, pro se.
 Robert V. Zener, Atty., Dept. of Justice, Washington, D. C. (William D. Ruckelshaus, Asst. Atty. Gen., Morton Hollander, Atty., Dept. of Justice, Washington, D. C., and Benjamin F. Franklin, U. S. Atty., Topeka, Kan., on the brief), for appellees.
 Before HILL, TUTTLE* and HOLLOWAY, United States Circuit Judges.
 HILL, Circuit Judge.
 
 
 1
 Appellant, a professor of constitutional law, instituted this action as a citizen and taxpayer against the President and certain members of his Cabinet, requesting a declaratory judgment proclaiming that the present military conflict in Vietnam is unconstitutional absent a congressional declaration of war. Alternatively, and if there were no hopes for peace at the time of the court decision, appellant also sought an order enjoining further activity in Vietnam. The district court considering the matter on a motion to dismiss and a responding motion for summary judgment, dismissed the case on the grounds that the appellant lacked standing to sue, that the case presented a political question, and that it was an unconsented suit against the United States. Velvel v. Johnson, 287 F.Supp. 846 (D.Kan.1968).
 
 
 2
 In an exhaustive brief filed with this court, the appellant challenges each of the conclusions reached by the district court. Maintaining that the court misconceived the gravamen of his complaint, appellant emphasizes the fact that he is not asking this court to rule on the foreign policy question of whether the United States should fight a war in Vietnam, but is instead seeking a ruling determining which branch of government has the authority to declare war. In this context, he contends that in accordance with the principles enunciated in Flast v. Cohen, 392 U.S. 83, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968), he has standing, both as a citizen and as a taxpayer, to contest this purported usurpation of legislative prerogative by the executive.
 
 
 3
 In view of the many cases holding that draftees and draft registrants do not possess the requisite standing to challenge the constitutionality of the war,[1] it would be anomalous indeed for this court to conclude that the appellant with not even the remotest chance of being compelled to participate as a combatant, should succeed where those with a more compelling personal interest have failed. Moreover, an analysis of Flast reveals that there is absolutely nothing announced therein that would suggest otherwise.
 
 
 4
 The Court in Flast was faced with the question of whether a taxpayer should be allowed to oppose legislation distributing federal funds to religious schools. In examining the concept of standing as primarily established in Frothingham v. Mellon, 262 U.S. 447, 43 S.Ct. 597, 67 L. Ed. 1078 (1923), the Court reaffirmed the proposition that "the `gist of the question of standing' is whether the party seeking relief has `alleged such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional questions.'" 392 U.S. at 99, 88 S.Ct. at 1952. Holding that a federal taxpayer has standing to assert that an exercise by Congress of its power under Art. I, § 8, to spend for the general welfare violates the Establishment Clause of the First Amendment, the Court indicated that in the specific area of taxpayer standing, it will suffice if the taxpayer alleges "the unconstitutionality * * * of exercises of congressional power under the taxing and spending clause of Art. I, § 8," and if the taxpayer demonstrates "a nexus between that status and the precise nature of the constitutional infringement alleged." 392 U.S. at 102, 88 S.Ct. at 1954.
 
 
 5
 The appellant asserts initially that under the general principles established in Flast, he has the required standing in his capacity as a concerned citizen to uphold the power of Congress to declare war. His personal stake in the matter is said to be demonstrated in several ways: the President's "gross breach of the rule of law" jeopardizes "the ultimate liberty of appellant and every other American," contributes to "a serious inflation which has harmed appellant and all other citizens," diminishes "the funds available for social welfare," and leads "to the death and wounding of innumerable Americans, including one of appellant's relatives who was shot in the shoulder in Viet Nam." This list of supposed personal effects of the President's action is so patently anything but personal that to pose the question of whether appellant's "citizen standing" is sufficient, is also to answer it. If these connections with the constitutional issue confer standing, then obviously standing to sue can be found in every citizen to contest every congressional or executive action of general import and the doctrine of standing will have lost all meaning. Flast most definitely does not so hold.
 
 
 6
 In the alternative, appellant asserts that he meets the tests of taxpayer standing established in Flast. Admitting that the district court correctly determined that "this is not an action brought specifically for the purpose of challenging a federal taxing or spending program,"[2] appellant argues that there is little difference between attacking Congress' power to tax and spend for the war, and attacking the President's usurpation of the power to declare war. It is suggested that regardless of how the issue is framed, the taxing and spending power is directly involved because Congress in taxing and spending for the war, is exceeding that power.
 
 
 7
 The difficulty with this position is that it ignores the fact that the first requirement of Flast is that the taxpayer challenge "exercises of congressional power under the taxing and spending clause * * *." 392 U.S. at 102, 88 S.Ct. at 1954. Since congressional appropriations for the war are made under authority of the powers "to raise and support Armies" and "to provide and maintain a Navy,"[3] such expenditures are not exercises of the power to spend for the general welfare, but rather, represent exercises of power under the later enumerated powers, powers which are separate and distinct from the grant of authority to tax and spend for the general welfare. United States v. Butler, 297 U.S. 1, 65, 56 S.Ct. 312, 80 L.Ed. 477 (1936). It follows then that appellant has not satisfied the first criterion of Flast and therefore lacks standing to sue.
 
 
 8
 Even if we were to assume that the first criterion for standing had been met, the Court's discussion of Frothingham v. Mellon would still require a finding that the appellant must fail. The Court in Flast noted that although the taxpayer in Frothingham complied with the first criterion by attacking a federal spending program, she nonetheless lacked standing because her constitutional complaint was not based on an allegation that Congress had breached a specific limitation upon its taxing and spending power. Instead, the taxpayer alleged essentially that Congress in enacting the challenged program, had exceeded the general powers delegated to it by Art. I, § 8, and thereby invaded the legislative province of the states. Similarly, in the case at bar the appellant is attempting to assert the congressional interest in its legislative prerogatives, and just as was the case of the taxpayer in Frothingham, this is "not a federal taxpayer's interest in being free of taxing and spending in contravention of specific constitutional limitations imposed upon Congress' taxing and spending power."[4] Thus, the appellant will not be permitted "to employ a federal court as a forum in which to air his generalized grievances about the conduct of government or the allocation of power in the Federal System." 392 U.S. at 106, 88 S.Ct. at 1956.
 
 
 9
 Having concluded that a common citizen and taxpayer is not a proper party to contest the allocation of power between Congress and the President, it is not necessary to consider the other grounds relied upon by the district court.
 
 
 10
 Affirmed.
 
 
 
 Notes:
 
 
 *
 Of the Fifth Circuit, sitting by designation
 
 
 [1]
 E. g., United States v. Mitchell, 369 F.2d 323 (2d Cir. 1966) cert. den. 386 U.S. 972, 87 S.Ct. 1162, 18 L.Ed.2d 132; United States v. Bolton, 192 F.2d 805 (2d Cir. 1951) (Korean War); Simmons v. United States, 406 F.2d 456 (5th Cir. 1969); United States v. Battaglia, 410 F.2d 279 (7th Cir. 1969); Ashton v. United States, 404 F.2d 95 (8th Cir. 1968) cert. den. 394 U.S. 960, 89 S.Ct. 1308, 22 L.Ed.2d 561 (April 7, 1969); Medeiros v. United States, 294 F.Supp. 198 (D.Mass.1968); United States v. Mitchell, 246 F.Supp. 874, 899 (D.Conn. 1965) rev'd on other grounds, 354 F.2d 767 (2d Cir. 1966). Contra, United States v. Sisson, 294 F.Supp. 511 (D. Mass.1968).
 
 
 [2]
 Velvel v. Johnson, 287 F.Supp. at 852
 
 
 [3]
 U.S.Const. Art. I, § 8, cls. 12 and 13
 
 
 [4]
 392 U.S. at 105, 88 S.Ct. at 1955. "[D]icta in Flast v. Cohen, * * * suggest[s] that a person required to pay a federal income tax has no standing to challenge an act appropriating money to be spent in connection with Vietnam." United States v. Sisson, 294 F.Supp. at 512