No. 71–833.  DACOSTA *v.* LAIRD, SECRETARY OF DEFENSE, ET AL.  C. A. 2d Cir.  Certiorari denied.  MR. JUSTICE BRENNAN is of the opinion that certiorari should be granted. ▮

MR. JUSTICE DOUGLAS, dissenting.

Once again, this Court is confronted with a challenge to the constitutionality of the presidential war which has raged in Southeast Asia for nearly a decade.[1]  Once again, it denies certiorari.  Once again, I dissent.

I have expressed at length my view that the constitutional questions raised by conscription for a presidential war are both substantial and justiciable.  See, *e. g., Massachusetts* v. *Laird,* 400 U. S. 886 (DOUGLAS, J., dis-

---

[1] Petitioner DaCosta is a Portuguese citizen permanently resident in the United States.  He was conscripted into the United States Army in December 1970, and commenced this action in July 1971, to enjoin enforcement of military orders deploying him to Vietnam. He alleges that participation by the United States in the Vietnamese conflict has not been authorized by Congress conformably with the Constitution, and that absent such authorization, Congress has no power to conscript for military service in armed conflict overseas.

senting) (*Mass. I*); *Hart* v. *United States,* 391 U. S. 956 (DOUGLAS, J., dissenting); *Holmes* v. *United States,* 391 U. S. 936 (DOUGLAS, J., dissenting); *Mora* v. *McNamara,* 389 U. S. 934, 935 (DOUGLAS, J., dissenting); *Mitchell* v. *United States,* 386 U. S. 972 (DOUGLAS, J., dissenting).

The circuits are in conflict as to the justiciability of these questions. Compare *Massachusetts* v. *Laird,* 451 F. 2d 26 (CA1 1971) (*Mass. II*), and *Orlando* v. *Laird,* 443 F. 2d 1039 (CA2 1971), with *Velvel* v. *Nixon,* 415 F. 2d 236 (CA10 1969), and *Luftig* v. *McNamara,* 126 U. S. App. D. C. 4, 373 F. 2d 664 (1967).

This Court, of course, should give deference to the coordinate branches of the Government. But we did not defer in the *Prize Cases,* 2 Black 635, when the issue was presidential power as Commander in Chief to order a blockade. We did not defer in the *Steel Seizure Case,*[2] when the issue was presidential power, in time of armed international conflict, to order the seizure of domestic steel mills. Nor should we defer here, when the issue is presidential power to seize, not steel, but people. See *Mass. I, supra,* at 891–900.

The Constitution gives Congress the power "To declare War," Art. I, § 8; and it is argued that the Constitution gives to Congress the *exclusive* power to determine when it has declared war. But if there is such a "textually demonstrable constitutional commitment," *Baker* v. *Carr,* 369 U. S. 186, 217, it is for this Court to determine its scope. *Powell* v. *McCormack,* 395 U. S. 486, 521. See *Mass. I, supra,* at 892.

While we debate whether to decide the constitutionality of this war, our countrymen are daily compelled to undergo the physical and psychological tortures of armed

---

[2] *Youngstown Sheet & Tube Co.* v. *Sawyer,* 343 U. S. 579.

combat on foreign soil. Families and careers are disrupted; young men maimed and disfigured; lives lost. The issues are large; they are precisely framed; we should decide them.