PAUL MONSKY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Monsky v. Commissioner
Docket No. 11265-76.
United States Tax Court
T.C. Memo 1977-119; 1977 Tax Ct. Memo LEXIS 319; 36 T.C.M. (CCH) 525; T.C.M. (RIA) 770119; April 27, 1977, Filed *319 Paul Monsky, pro se. Thomas P. Dougherty, Jr., for the respondent. HALL MEMORANDUM OPINION HALL, Judge: Respondent filed a Motion To Dismiss for Failure To State a Claim in this case involving a deficiency of $2,553.29 in petitioner's Federal income tax for 1975. The motion presents for decision the issue whether the allegations in the petition are sufficient to support a $15,000 "military deduction" on the ground that the Federal Government has no authority to impose taxes to finance assertedly illegal acts, e.g., the construction of hydrogen bombs and nuclear submarines. A hearing was held on respondent's motion on March 22, 1977. At this hearing petitioner conceded that his tax liability was not affected by his political and philosophical views on military spending, but argued that the general spending powers granted Congress in Article I, Section 8, Clause 1 of the Constitution do not extend to hydrogen bombs and other similar weapons. He further argued that the construction of such weapons is unrelated to the common defense or general welfare, and that the imposition of a tax to finance such activities is in violation of the Fifth Amendment to the *320 Constitution. We do not question the sincerity of petitioner's beliefs but are compelled to grant respondent's motion for the reason that petitioner lacks standing to contest the military expenditures of the Federal Government. Flast v. Cohen,392 U.S. 83 (1968); Scheide v. Commissioner,65 T.C. 455 (1975). In order for petitioner to have standing to contest military expenditures, he must show a "personal stake in the outcome of the controversy." Scheide v. Commissioner,supra at 456. For petitioner to demonstrate a sufficient stake in this controversy qua taxpayer, he must meet two requirements. First, he must be challenging a congressional enactment pursuant to the general spending power of Article I, Section 8, Clause 1 of the Constitution. Flast v. Cohen,supra at 102. Second, he "must show that the challenged enactment exceeds specific constitutional limitations imposed upon the exercise of the congressional taxing and spending power and not simply that the enactment is generally beyond the powers delegated to Congress by Art. I § 8." Flast v. Cohen,supra at 102-103. Petitioner *321 has failed to meet either requirement of Flast v. Cohen and, therefore, lacks the requisite standing to challenge military expenditures. Though he has framed his argument within the framework of the general spending power of Clause 1, it is clear that military expenditures are made pursuant to Clauses 12 and 13 of Article I, Section 8 of the U.S. Constitution. See Velvel v. Nixon,415 F. 2d 236, 239 (10th Cir. 1969), cert. denied 396 U.S. 1042 (1970). Secondly, petitioner has merely alleged that certain military expenditures are beyond the powers delegated to Congress under its general spending powers. He has failed to demonstrate that the expenditures violate any specific constitutional limitations imposed upon the general spending power of Clause 1. Therefore, respondent's motion will be granted and An appropriate order will be entered.